[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 273.]

THE STATE OF OHIO, APPELLEE, *v*. WOGENSTAHL, APPELLANT.

[Cite as *State v. Wogenstahl*, 1996-Ohio-57.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Applicant's notice of appeal to Supreme Court divests court of appeals of jurisdiction to rule upon application to reopen—S.Ct.Prac.R. II(2)(D)(1), applied—Claims asserting ineffective assistance of appellate counsel in capital cases must be raised on direct appeal to Supreme Court, unless capital defendant "shows good cause for filing at a later time."*

(No. 95-1165—Submitted September 12, 1995—Decided March 6, 1996.)

APPEAL from the Court of Appeals for Hamilton County, No. C-930222.

_____

{¶ 1} Appellant, Jeffrey A. Wogenstahl, was convicted of aggravated murder, kidnapping and aggravated burglary, and sentenced to death. The Court of Appeals for Hamilton County affirmed the judgment of the trial court. *State v. Wogenstahl* (Nov. 30, 1994), Hamilton App. No. C-930222, unreported, 1994 WL 686898. On January 9, 1995, appellant filed an appeal as of right before this court on the merits (case No. 95-42). This appeal, pending subsequent to oral argument on November 15, 1995, is announced today.

{¶ 2} According to the parties, on February 24, 1995, appellant filed, *pro se*, an application before the court of appeals to reopen his appeal pursuant to App.R. 26(B), arguing ineffective assistance of appellate counsel. On May 23, 1995, the court of appeals denied appellant's application to reopen for lack of jurisdiction pursuant to S.Ct.Prac.R. II(2)(D)(1). The court of appeals noted that under *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, paragraph

two of the syllabus, appellant's claims of ineffective assistance of appellate counsel may be raised on his direct appeal to this court.

{¶ 3} Appellant now appeals the denial to this court.

_____

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *William E. Breyer*, Assistant Prosecuting Attorney, for appellee.

*Jeffrey A. Wogenstahl*, *pro se*.

_____

***Per Curiam.***

{¶ 4} The determinative question before this court is whether the court of appeals erred in dismissing appellant's application to reopen for lack of jurisdiction. S.Ct.Prac.R. II(2)(D)(1) states: "After an appeal is perfected from a court of appeals to the Supreme Court, the court of appeals is divested of jurisdiction, except to take action in aid of the appeal, to rule on an application for reconsideration filed with the court of appeals pursuant to Rule 26 of the Rules of Appellate Procedure, or to rule on a motion to certify a conflict under Article IV, Section 3(B)(4) of the Ohio Constitution."

{¶ 5} Under the clear language of the foregoing rule, appellant's notice of appeal to this court divested the court of appeals of jurisdiction to rule upon his application to reopen. Accordingly, the court of appeals properly dismissed appellant's application.

{¶ 6} We also note that in response to our decision in *Murnahan, supra*, the July 1, 1993 amendment to App.R. 26(B) has created an "Application for Reopening" to raise ineffective assistance of appellate counsel claims in the court of appeals. Accordingly, claims asserting ineffective assistance of appellate counsel in capital cases must be raised on direct appeal to this court, unless the capital defendant "shows good cause for filing at a later time." App.R. 26(B)(1).

{¶ 7} The judgment of the court of appeals is therefore affirmed.

*Judgment affirmed.*

MOYER, C.J., WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS, J., concurs in judgment only.

_____