Appellant, Jon Graham, appeals from his conviction in the Clark County Common Pleas Court of rape. This appeal is pursuant to our grant of a reopening of his direct appeal pursuant to State v. Murnahan (1992), 63 Ohio St.3d 60.
We initially affirmed Graham's conviction in State v. Graham
(October 31, 1997), Clark App. 96-CA-106, unreported. In this appeal, Graham asserts that the trial court erred in failing to provide him an opportunity to elect whether to be sentenced pursuant to Senate Bill 2 in violation of Sec. 10, Art. I of the United States Constitution.
Graham was convicted of an offense which occurred on August 22, 1995. He was not sentenced until September 30, 1996. He contends he is entitled to be sentenced under the more lenient provisions of S.B. 2 which went into effect on July 1, 1996.
Graham contends the legislature's attempt to prohibit the application of R.C. 1.58 in S.B. 2 violates the "ex post facto" provisions of the United States Constitution. R.C. 1.58(B) provides that if a punishment is reduced by an amendment of a statute, the punishment, if not already imposed, shall be imposed according to the amended statute. S.B. 2 provides that S.B. 2 shall not apply to a person who committed an offensebefore July 1, 1996 "notwithstanding" the provisions of R.C.1.58(B).
After we granted permission for the appellant to reopen his appeal, the Ohio Supreme Court in State v. Rush (1998), 83 Ohio St.3d 53, rejected the claim that by creating an exception to R.C. 1.58(B) and making S.B. 2 prospective in application only, the General Assembly engaged in unconstitutional retroactive legislation in violation of the United States Constitution. The appellant's assignment of error is accordingly Overruled.
The judgment of the trial court is Affirmed.
WOLFF, J., and YOUNG, J., concur.
Copies mailed to:
Suzanne M. Luthe John Fenlon Hon. Richard O'Neill