OPINION
On August 6, 1999, the applicant, Marlo Linen, pursuant to App.R. 26 (B) and State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204, applied to reopen this court's judgments inState of Ohio v. Mario Linen (May 10, 1999), Cuyahoga App. Nos. 74070 and 74071, unreported, which affirmed Linen's convictions for seven counts of gross sexual imposition, two counts of abduction, one count of kidnaping, one count of stalking and two sexually violent predator specifications. On September 27, 1999, the State of Ohio filed a brief in opposition to the application. On October 14, 1999, Linen filed a response. For the following reasons, this court grants the application and reinstates this case to its appellate docket.
 FACTUAL AND PROCEDURAL BACKGROUND
In 1997, in State of Ohio v. Mario Linen, Cuyahoga County Common Pleas Court Case No. CR-348968, the Grand Jury indicted Linen on two counts of abduction, three counts of gross sexual imposition and one count of attempted kidnaping with a sexual motivation specification and a sexually violent predator specification. These charges involved were against two women designated as Jane Does. In State of Ohio v. Mario Linen,
Cuyahoga County Common Pleas Court Case No. CR-347886, other charges involved five more women. The Grand Jury indicted Linen on kidnaping, abduction and gross sexual imposition against Jane Doe I; attempted kidnaping with sexual motivation and violent sexual predator specifications, kidnaping with sexual motivation and violent sexual predator specifications, abduction with a sexual motivation specification, and two counts of gross sexual imposition against Jane Doe II; attempted kidnaping with sexual motivation and violent sexual predator specifications against Jane Doe III; kidnaping with sexual motivation and violent sexual predator specifications, attempted rape of a minor with a violent sexual predator specification, and two counts of gross sexual imposition on a minor with violent sexual predator specifications against Jane Doe IV; and kidnaping with sexual motivation and violent sexual predator specifications, abduction with a sexual motivation specification and gross sexual imposition against Jane Doe V.
By late August 1997, the state and Linen had reached a plea bargain. The state amended the indictment by reducing one kidnaping charge to abduction and one attempted kidnaping charge to menacing by stalking. Linen pleaded guilty to seven counts of gross sexual imposition, two counts of abduction, one count of kidnaping a minor with sexual motivation and violent sexual predator specifications and stalking. One of the counts of gross sexual imposition with a violent sexual predator specification was against a minor. The state nolled the remaining counts, and the plea agreement called for Judge Kenneth Callahan to sentence Linen to a total of five years to life on all the counts.
After the prosecuting attorney detailed the plea bargain, Linen's trial attorney concurred with the recitation and stated "that Linen is aware of his constitutional rights and the penalty associated with the plea." (Tr. 10.) The lawyers further noted that by pleading guilty to the violent sexual predator specification, Linen would automatically be classified as a sexual predator.
Very early in the sentencing hearing Linen said that he did not understand the term concurrent. However, he and his attorney had a discussion off the record, Linen stated that he understood the term. The judge then questioned Linen and determined that he did not graduate from high school, but had a GED, understood English, was not on probation or parole and was not under the influence of drugs.
The judge then began the required dialogue to determine whether the plea was voluntary. The judge first noted that Linen's attorney had represented him "very, very competently throughout these proceedings." (Tr. 13.) The judge confirmed that Linen knew he had the right to the following: (1) an attorney throughout the criminal proceedings; (2) a jury trial or a trial to the judge; (3) cross-examination of witnesses; (4) subpoena witnesses and documents; (5) testify on his own behalf or remain silent; and (6) the presumption of innocence with the state having the burden of proving guilt. The judge next asked Linen if he understood the various penalties for the crimes, specifically that the sentence would be five years to life imprisonment; Linen said, "Yes." The judge also confirmed that, other than those things stated in open court and on the record, no one had promised or threatened anything else to induce the guilty plea.
The judge then asked: "Do you understand, sir, if or when you are sentenced to a state penal reformatory or institution, and while there, if you were to commit an additional crime or offense, that the parole board can increase the time up to fifty percent? Are you aware * * *." Linen interjected, "I am now, your Honor." (Tr. 15.) The judge immediately asked for Linen's plea, and he pleaded guilty.
The judge then asked the following: "Do you understand finally, sir, that by the acceptance of certain of these pleas, you will become, under the law, a sexual predator, which will require you to register in certain ways that will be explained to you? Do you understand that, sir? May I see counsel at side bar for a moment?" This side bar conference was not put on the record. Immediately after this side bar, the court resumed: "All right. Let the record reflect there were side bar conversations under Criminal Rule 11 and HB 180 legislation, and on concurrence of the Court and counsel, that these matters have been sufficiently established on the record to advise the defendant of his rights and duties under the — both the criminal rule and the new legislation." (Tr. 16.)
The judge next specifically asked Linen for his pleas on each of the remaining counts. After Linen pleaded guilty to each, the judge asked defense counsel whether he was confident that each of the pleas was voluntarily, intelligently and knowingly entered in compliance with Crim.R. 11. Defense counsel answered, "Yes." The judge agreed and sentenced Linen pursuant to the plea agreement.
The record does not otherwise establish that the judge informed Linen that he would have a period of post-release control, and that if he violated a post-control sanction the parole board could impose a more restrictive post-control sanction, including returning him to prison up to nine months at a time, up to one-half of the stated original prison term, and/or could increase the duration of post-release control subject to a specified maximum. Nor did the judge specify the duties of registration under the sexual predator law.
On March 27, 1998, this court granted Linen's motion for a delayed appeal and appointed counsel. Appellate counsel presented the following three assignments of error: (1) The trial judge did not substantially comply with the rules of criminal procedure or the constitution when he accepted the guilty pleas despite his failure to inform Linen of the penalty of his automatic classification as a sexual predator; (2) the trial judge did not substantially comply with the rules of criminal procedure or the constitution when he accepted the defendant's guilty pleas; the simple "yes" or "no" answers were insufficient to show that Linen voluntarily, intelligently and knowingly pleaded guilty; (3) Linen was prejudicially deprived of the effective assistance of counsel because he did not choose the assigned counsel, because he did not have consistent representation, because counsel did not adequately explain the proceedings and the penalties and because counsel and the trial judge deprived Linen of any opportunity to indicate an understanding of the full consequences of his plea. On May 10, 1999, this court affirmed Linen's convictions and sentences.
On June 24, 1999, Linen appealed to the Supreme Court of Ohio. The Ohio Public Defender, who was not Linen's attorney on appeal, represented him before the supreme court and made the following arguments: (1) To comply with Criminal Rule 11, a trial judge must inform the defendant of the effect of a guilty plea to a sexual predator specification; (2) The trial judge's failure to comply with R.C. 2929.19 (B)(3) was plain error; (3) Appellate counsel was ineffective for failing to raise meritorious claims of plain error on appeal; and (4) Trial counsel's failure to ensure compliance with R.C. 2950.03 (A) and R.C. 2929.19 (B)(3) and Criminal Rule 11 constituted ineffective assistance of counsel. While the appeal was pending in the supreme court, Linen timely filed his application to reopen in this court. On October 7, 1999, the supreme court denied Linen leave to appeal and dismissed the appeal as not involving any substantial constitutional question.
 DISCUSSION OF LAW
Linen now raises the following assignments of error, which he claims his appellate counsel was deficient for not arguing: (1) The trial judge committed plain error when he failed to comply with R.C. 2950.03 (A)(2), which requires certain notices be given to a person found to be a sexual predator; (2) The trial judge committed plain error when he failed to comply with R.C.2929.19 (B)(3); and (3) Linen was denied the effective assistance of counsel when trial counsel failed to ensure compliance with R.C. 2950.03 (A) and R.C. 2929.19 (B)(3).
In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington (1984),466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990),497 U.S. 1011, 110 S.Ct. 3258.
The gravamen of Linen's first argument, including the corresponding ineffective assistance of trial counsel issue, is that the trial judge did not inform him of the burdens placed upon sexual predators when they leave prison, such as registering their home address with the county sheriff and then verifying that address every ninety days for life. A predator's failure to comply with these mandates could constitute another criminal offense.
This argument, however, is not well taken. Linen's appellate counsel raised this exact argument. He highlighted the same portions of the record that Linen now claims shows the deficiency of the trial judge's performance. Interestingly, Linen's original appellate counsel cited much more common law authority in support of the argument than Linen does now. This court rejected the argument, ruling that the unique circumstances in this case indicated sufficient compliance because "the registration and reporting requirements are non-punitive and the proceedings of record very strongly suggest that this information was provided to defendant during the off the record discussion." (Slip op. at pg. 11.)
In his application to reopen, Linen next argues that the trial judge committed plain error when he failed to comply with R.C.2929.19 (B)(3). He correspondingly argues that his appellate counsel was deficient for not arguing that his trial counsel was ineffective because he did not insure compliance with that statute. The gravamen of this argument is that the statute requires the trial judge to inform Linen of the post-release controls. The trial judge told Linen that the parole board could increase his prison term if he committed a crime while in prison under subsection (B)(3)(b). However, he did not tell him that because he had committed a felony sex offense, he would be subject to a period of post-release control and that if he violated a post-release control sanction, the parole board could impose a more restrictive post-release control sanction, increase the duration of post-release control or impose an additional prison term not exceeding nine months. Moreover, the maximum cumulative prison term so imposed for all violations during the period of post-release could equal one-half of the originally imposed prison term. R.C. 2929.19 (B)(3)(c-e)
This argument is well taken. First, the statute provides that the judge shall notify the defendant of the possibility of an extended prison term and the various aspects of post-release control. The judge failed to tell Linen anything about post-control release.
Furthermore, the courts have ruled that the failure to comply with this statute is reversible error. In State v. Davis (June 18, 1998), Cuyahoga App. No. 72820, unreported, this court found an assignment of error arguing the failure to comply with the statute was well taken and reversed and remanded for re-sentencing in accordance with the requirements of R.C.2929.19. In this case the state agreed that the appellant was entitled to a new sentencing hearing for the limited purpose of notification pursuant to the statute. In State v. Lazenby (Nov. 13, 1998), Union App. No. 14-98-39, unreported, the trial judge completely ignored the statute's requirements. The court of appeals held "that the trial judge erred as a matter of law by failing to advise and notify appellant in accordance with R.C.2929.19 (B)(3)." See, also, State v. Riley (Nov. 12, 1998), Union App. No. 14-98-38, unreported, in which the court reversed and remanded for failure to comply with the statute and State v.Richardson (Aug. 20, 1999), Hamilton App. No. C-980860, unreported and State v. Manson (May 28, 1999), Union App. Nos. 14-98-50, 14-98-55 and 14-98-58, in which the court reversed and remanded on other grounds but reminded the trial judges to fulfill their duties under R.C. 2929.19 (B)(3) because they had not done so.
State v. Brown (Mar. 1, 1999), Lucas App. No. L-97-1332, unreported, presents a nearly identical procedural posture as the present case. Brown had been convicted of receiving stolen property, he was sentenced, and on appeal the court affirmed. Subsequently, Brown applied to reopen pursuant to App.R. 26 (B). One of his new assignments of error was the failure of the trial judge to comply with the R.C. 2929.19 (B)(3). The court of appeals held that he had raised an issue as to whether he was prejudiced by his appellate counsel's failure to argue the issues and granted the application for the limited purpose of reviewing the errors in connection with the sentencing.
Linen's original appellate counsel did not raise any issue regarding R.C. 2929.19 (B)(3). Moreover, that statute, unlike the reporting and registration requirements for a sexual predator, is punitive in nature. Thus, this court's analysis why the trial judge's abbreviated inquiry and notification relating to R.C. 2950.03 (A) is not necessarily controlling. Moreover, the repeated finding of reversible error and the granting of an application to reopen by the courts of appeal indicate prejudice.
In response, the state argues that res judicata now bars this argument. It notes that Linen raised this exact argument before the Supreme Court of Ohio; because the supreme court rejected the argument, the matter should now be barred.
In Murnahan the supreme court ruled that res judicata may bar a claim of ineffective assistance of appellate counsel unless circumstances render the application of the doctrine unjust. In the present case, the trial judge failed to fulfill the requirements of the statute and inform Linen of the additional punitive sanctions facing him. Initial appellate counsel failed to raise that argument. The Ohio courts of appeal have repeatedly ruled that the failure to comply with the statute is reversible error and has been grounds for reopening an appeal under App.R. 26 (B). Given these circumstances, including the serious nature of the omission, this court rules that the application of resjudicata would not be just.
Accordingly, Linen has raised a genuine issue as to whether he was deprived of the effective assistance of appellate counsel, and this court reopens his appeals, Case Nos. 74070 and 74071. The Ohio Public Defender shall continue to represent Linen. The scope of review is limited to issues relating to compliance with R.C. 2929.19 (B)(3). Counsel is instructed to apply for compensation within thirty days of journalization of this court's decision.
The clerk of the courts is instructed to reassemble the record in Case Nos. 74070 and 74071 as it was during this court's original review of the judgment entered in Common Pleas Court Case Nos. CR-347886 and 348968. Linen's brief on the merits is due within twenty days of the date of this entry. Appellee's brief is due within twenty days of the filing of Linen's brief. Linen's reply brief is due within ten days of the filing of appellee's brief.
 __________________________ JUDGE ANNE L. KILBANE
 JAMES D. SWEENEY. J CONCURS IN JUDGMENT ONLY WITH SEPARATECONCURRING OPINION.
 JOHN T. PATTON. P.J., DISSENTS.