JOURNAL ENTRY AND OPINION
Applicant, Harry Briscoe, has filed an application for reopening pursuant to App.R. 26(B). The applicant is attempting to reopen the appellate judgment that was issued by this court inState v. Briscoe (Sept. 3, 1998), Cuyahoga App. No. 73183, unreported, which affirmed his conviction for the offenses of felonious assault (R.C. 2903.11) and unlawful possession of a dangerous ordinance (R.C. 2923.13). For the following reasons, we deny the applicant's application for reopening.
App.R. 26(B)(2)(b) mandates that an application for reopening must be filed within ninety days of journalization of the appellate judgment which the applicant seeks to reopen. The applicant must establish "good cause" for the untimely filing of the application for reopening, if filed beyond the ninety day period as established by App.R. 26(B)(2)(b). Herein, the applicant is attempting to reopen the appellate judgment that was journalized on September 14, 1998.
The applicant did not file his application for reopening until January 26, 2000, more than ninety days after journalization of the appellate judgment in Cuyahoga App. No. 73183. On its face, the application for reopening is untimely. The applicant has failed to establish a "showing of good cause" for the untimely filing of his application for reopening. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, unreported, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481; State v. Trammell (July 24, 1995), Cuyahoga App. No. 67834, unreported, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, unreported, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317; State v. Durr (Dec. 7, 1989), Cuyahoga App. No. 57140, unreported, reopening disallowed (July 6, 1994), Motion No. 40924, affirmed (1994), 71 Ohio St.3d 395; State v. Allen (Nov. 3, 1994), Cuyahoga App. No. 65806, unreported, reopening disallowed (July 8, 1996), Motion No. 67054. Thus, the applicant's application for reopening is fatally defective and must be denied.
The doctrine of res judicata also prohibits this court from reopening the applicant's original appeal. Errors of law that were either previously raised or could have been raised through an appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v. Perry (1967),10 Ohio St.2d 175, paragraph nine of the syllabus. The Supreme Court of Ohio has also established that a claim of ineffective assistance of counsel may be barred by the doctrine of resjudicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60.
In the case sub judice, the applicant possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel upon appeal to the Supreme Court of Ohio. The applicant, however, did not file an appeal with the Supreme Court of Ohio and has not provided this court with any viable reason as to why no appeal was taken to the Supreme Court of Ohio. State v. Hicks (Oct. 28, 1982), Cuyahoga App. No. 44456, unreported, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994), 70 Ohio St.3d 1408. It must also be noted that the primary argument for reopening of the applicant's appeal, that the conviction for the offense of felonious assault was against the manifest weight of the evidence, has been addressed by this court through the applicant's direct appeal and found to be without merit. SeeState v. Briscoe, supra, at 5. Thus, res judicata bars any further review of the claim that the applicant's conviction was against the manifest weight of the evidence. State v. Perry,supra.
Accordingly, we deny the applicant's application for reopening.
 ________________ JAMES D. SWEENEY JUDGE
ANN DYKE, A.J. and ANN KILBANE, J., CONCUR.