JOURNAL ENTRY AND OPINION
Applicant, Nathaniel Foster, has filed a timely application for reopening pursuant to App.R. 26(B). The applicant is attempting to reopen the appellate judgment that was rendered by this court in State v.Foster (June 22, 2000), Cuyahoga App. No. 76383, unreported., which affirmed his conviction for the offenses of kidnapping, felonious assault, aggravated robbery, and possession of criminal tools. For the following reasons, we deny the application for reopening.
The doctrine of res judicata prevents the reopening of the applicant's original appeal. Errors of law that were either previously raised or could have been raised through an appeal may be barred from further review based upon the operation of res judicata. See, generally, Statev. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred by the doctrine of resjudicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60.
The applicant did file an appeal, pro se, with the Supreme Court of Ohio and either raised or could have raised the constitutional issue of ineffective assistance of appellate counsel. The Supreme Court of Ohio, however, dismissed the applicant's appeal on October 18, 2000. Since the issue of ineffective assistance of appellate counsel was raised or could have been raised on appeal to the Supreme Court of Ohio, res judicata now bars any further litigation of the claim. State v. Dehler (1995),73 Ohio St.3d 307; State v. Terrell (1995), 72 Ohio St.3d 247; State v.Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, unreported, reopening disallowed (June 14, 1996), Motion No. 71793.
It must also be noted that the four proposed assignments of error, as raised by the applicant in support of his claim of ineffective assistance of appellate counsel, were previously raised before this court upon direct appeal. On appeal, this court examined the following issues: 1) admission of impermissible other acts evidence; 2) trial counsel failed to object to introduction of improper other acts evidence; 3) convictions for kidnapping, aggravated robbery and felonious assault not supported by sufficient evidence; and 4) trial court's refusal to instruct jury with regard to lesser offenses. Once again, res judicata bars further review of the issues of prejudicial other acts, sufficiency of the evidence, and lesser included offenses. State v. Murnahan, supra.
Accordingly, the application for reopening is denied.
ANN DYKE, A.J., and ANNE L. KILBANE, J., CONCUR.
 Journal Entry
APPELLANT'S PRO SE APPLICATION FOR RECONSIDERATION PURSUANT TO APPELLATE RULE 26(B) IS DENIED. SEE JOURNAL ENTRY WITH OPINION DATED DECEMBER 1, 2000.
 Journal Entry
MOTION BY APPELLANT, PRO SE, FOR TRANSCRIPTS AT STATE EXPENSE WITH COMPLETE RECORD IS DENIED.