THE STATE OF OHIO, APPELLANT, *v.* MURNAHAN, APPELLEE.

[Cite as *State v. Murnahan* (1992), 63 Ohio St.3d 60.]

(Nos. 90–2287 and 90–2288—Submitted November 6, 1991—Decided February 19, 1992.)

*Stephen A. Schumaker,* Prosecuting Attorney, and *David E. Smith,* for appellant.

*Randall M. Dana,* Ohio Public Defender, *Barbara A. Farnbacher* and *Kenneth R. Spiert,* for appellee.

*Lee I. Fisher,* Attorney General, and *Jack W. Decker,* urging reversal for *amicus curiae,* Attorney General of Ohio.

*H. Fred Hoefle,* urging affirmance for *amicus curiae,* Ohio Association of Criminal Defense Lawyers.

HOLMES, J. The issue certified to this court is whether a claim of ineffective assistance of appellate counsel is cognizable in post-conviction proceedings brought pursuant to R.C. 2953.21. For the reasons that follow, we answer such query in the negative.

It is asserted by Murnahan that R.C. 2953.21 is the appropriate vehicle by which to bring claims of ineffective assistance of appellate counsel. R.C. 2953.21 provides in pertinent part:

"(A) Any person convicted of a criminal offense or adjudged delinquent claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a petition at any time in the court which imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other

appropriate relief. The petitioner may file such supporting affidavit and other documentary evidence as will support his claim for relief.

" * * *

"(G) If the court finds grounds for granting relief, it shall enter a judgment that vacates and sets aside the judgment in question, and, in the case of a prisoner in custody, shall discharge or resentence him or grant a new trial as may appear appropriate. * * *"

In addressing the same issue presented in this case, the Eighth District Court of Appeals in *State v. Mitchell* (1988), 53 Ohio App.3d 117, 118–119, 559 N.E.2d 1370, 1371–1372, denied post-conviction relief to a defendant claiming ineffective assistance of appellate counsel and reasoned:

"The appellant argues that post-conviction remedies provided by R.C. 2953.21 are available to redress the denial of constitutionally ensured rights at the appellate level. We disagree.

"Should Ohio's statute providing for post-conviction remedies be applicable to appellate court decisions, either of two patently unacceptable results follows: in effect, the criminal defendant would either be petitioning the trial court (1) to render its own judgment of conviction void or voidable due to the denial of constitutional guarantees at the appellate level, or (2) to render the judgment of the superior appellate court void or voidable due to the denial of constitutional guarantees at the appellate level. We find that neither of these results is acceptable; both are clearly outside the purview of the Ohio Legislature in its enactment of R.C. 2953.21 *et seq.* An appellate court decision found to be constitutionally wanting by a trial court will not render a trial court's judgment of conviction void or voidable; a trial court is not empowered to render an appellate court decision void or voidable."

However, in *Manning v. Alexander* (C.A.6, 1990), 912 F.2d 878 (*"Manning II "*), the United States Court of Appeals, Sixth Circuit, found Ohio law undefined on this question and in the absence of any guidance from this court decided that for purposes of the exhaustion requirements under Section 2254, Title 28, U.S.Code, a claim of ineffective assistance of appellate counsel could be properly maintained in post-conviction proceedings.

In a case analogous to the one at bar we decided in *Manning v. Alexander* (1990), 50 Ohio St.3d 127, 553 N.E.2d 264 (*"Manning I "*), that claims of ineffective assistance of appellate counsel could *not* be brought in state habeas corpus proceedings. Furthermore, in *In re Petition of Brown* (1990), 49 Ohio St.3d 222, 223, 551 N.E.2d 954, 955, we provided insight into the proper remedy for claimants asserting ineffective assistance of appellate counsel who are barred from seeking habeas corpus relief, by stating:

"This does not leave a person claiming denial of effective assistance of appellate counsel without an adequate remedy. The claim is based on constitutional guarantees. Therefore, it may be appealed as of right to this court under Section 2(B)(2)(a)(iii) of Article IV of the Ohio Constitution, to be dealt with as prescribed in Section 3(B), Rule II of the Rules of Practice of the Supreme Court of Ohio. We deem this an adequate remedy at law which precludes issuance of the writ of habeas corpus."

The opinion in *Brown, supra,* seemingly allowed for a direct appeal as of right to this court for claims of ineffective assistance of appellate counsel. This premise is supported by the language contained in *State v. Roberts* (1982), 1 Ohio St.3d 36, 38–39, 1 OBR 71, 73, 437 N.E.2d 598, 600–601, where we denied a post-conviction claim premised upon a court of appeals' error in resentencing a defendant, and ultimately held, after applying a *res judicata* analysis, that:

"The *constitutional issues* petitioner is presently attempting to assert *could have been set forth in this prior motion,* but were not. The Supreme Court has appellate jurisdiction *as a matter of right* in cases from the courts of appeals which involve questions arising under the Constitution of the United States or of this state. Section 2, Article IV, Ohio Constitution. The fact remains, however, petitioner *did not* include these issues, which she *could have raised in her original appeal* to this court *which appeal could have been taken as a matter of right.* Whether this omission was a conscious, tactical decision or a mere oversight is immaterial, for [*State v.*] *Perry* [ (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104] unambiguously precludes this court from entertaining these issues now since they *could have been raised on appeal.*

"The propriety of our conclusion is emphasized when one considers the consequences which would flow from allowing petitioners to assert issues which have not been presented at the earliest possible opportunity. Defendants would be encouraged to deliberately refrain from advancing constitutional issues on an original appeal to this court in the hope that their claims would ultimately be allowed on postconviction relief.

" * * * Simply stated, allowing a defendant to litigate constitutional issues in a postconviction proceeding, when these issues could have been raised on an original appeal but were not, relegates courts to disposing of the action on technicalities or collateral issues, as opposed to the merits. * * * [S]uch a ruling would forever deny the state an opportunity to argue on original appeal that the trial court's judgment entered on the jury verdict should be upheld.

Clearly, this court can not permit parties to so manipulate their course through the judicial system." (Emphasis in original.)

Accordingly, we hold that claims of ineffective assistance of appellate counsel are not cognizable in post-conviction proceedings pursuant to R.C. 2953.21. To allow such claims could in effect permit trial courts to second-guess superior appellate courts. Also, appellate judges are in the best position to recognize, based upon the record and conduct of appellate counsel, whether such counsel was adequate in his or her representation before that body. Furthermore, we believe the concerns expressed in *Roberts* regarding judicial economy and abuse of process are just as applicable in cases regarding ineffective assistance of appellate counsel, since these issues could have been raised in an application for reconsideration in the court of appeals[3] or a direct appeal to this court pursuant to Section 2(B)(2)(a)(iii), Article IV of the Ohio Constitution.[4] And, this court would treat such cases as prescribed in Section 3(B), Rule II of the Rules of Practice of the Supreme Court of Ohio.[5]

Since claims of ineffective assistance of appellate counsel may be left undiscovered due to the inadequacy of appellate counsel or the inability of the defendant to identify such errors within the time allotted for reconsideration

---

3. App.R. 26 provides:

"Application for reconsideration of any cause or motion submitted on appeal shall be made in writing before the judgment or order of the court has been approved by the court and filed by the court with the clerk for journalization or within ten days after the announcement of the court's decision, whichever is the later. The filing of an application for reconsideration does not extend the time for filing a notice of appeal in a court of appeals.

"Parties opposing the application must answer in writing within ten days after the filing of the application. Copies of the application, brief, and opposing briefs shall be served as prescribed for the service and filing of briefs in the initial action. Oral argument of an application for reconsideration shall not be permitted except at the request of the court."

Although the language of App.R. 26 seems restrictive in that it only permits any cause or motion originally submitted on appeal to be reviewed, we construe claims of ineffective assistance of appellate counsel to be tantamount to constitutional claims that should have been presented on appeal, and but for their omission the outcome of the case would be otherwise.

4. Section 2(B) of Article IV of the Ohio Constitution provides in pertinent part:

"(2) The supreme court shall have appellate jurisdiction as follows:

"(a) In appeals from the court of appeals as a matter of right in the following:

" * * *

"(iii) Cases involving questions arising under the constitution of the United States or of this state."

5. Section 3(B), Rule II of the Rules of Practice of the Supreme Court of Ohio provides:

"Where appellant claims that he has an appeal as of right (i.e., that the case involves a constitutional question), the Supreme Court will, *sua sponte*, consider the case as on a motion to dismiss the appeal as one not involving any substantial constitutional question and will consider such motion to dismiss at the same time that it considers any motion to certify or motion for leave to appeal in the case."

in the court of appeals or appeal to this court, it may be necessary for defendants to request delayed consideration.[6] Therefore, in an individual case where a defendant has put forth a colorable claim of ineffective assistance of appellate counsel, where the circumstances render the application of *res judicata* unjust, and the time periods for reconsideration in courts of appeals and direct appeal to this court have expired, he or she must: (1) apply for delayed reconsideration in the court of appeals where the alleged error took place pursuant to App.R. 26 and 14(B),[7] and if delayed reconsideration is denied, then (2) file for delayed appeal in this court pursuant to Section 8, Rule II of the Rules of Practice of the Supreme Court.[8] Before granting reconsideration, the court of appeals should determine whether there are substantive grounds for relief. In making such a determination, the court may consider, in addition to the motion and any supporting affidavits, all the files and records pertaining to the proceedings against the defendant that were originally transmitted to the court of appeals. If the court summarily dismisses the request for reconsideration, it shall state in its entry the reasons for not further reviewing the defendant's request.

In the case *sub judice*, Murnahan pursued his claim of ineffective assistance of appellate counsel by request for post-conviction relief. Since we have determined that his petition is not cognizable in R.C. 2953.21 proceedings, he may pursue delayed reconsideration in the court of appeals. And, in light of the court of appeals' holding that Murnahan's Sixth Amendment rights were violated under the standards set forth in *Anders, supra,* and *Penson v. Ohio* (1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300, we reverse the judgment of the court of appeals on the certified question, and remand this cause to the

---

**6.** In light of the fact that Ohio has no statutory authority or court rules dedicated to the procedure to be followed by defendants who allege ineffective assistance of appellate counsel, we recommend that the Rules Advisory Committee appointed by this court review whether an amendment to App.R. 14(B) or a new rule should be adopted to better serve claimants in this position.

**7.** App.R. 14(B) provides:

"Enlargement or reduction of time. The court for good cause shown may upon motion enlarge or reduce the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time; but the court may not enlarge or reduce the time for filing a notice of appeal."

**8.** Section 8, Rule II of the Rules of Practice of the Supreme Court provides:

"In those cases where the time has expired for the filing in the Court of Appeals or in the Supreme Court of a notice of appeal in a felony case, adequate reasons for the delay in such filing must be given and, where based upon facts, those facts must be evidenced by affidavit or deposition filed in support of such motion for leave to appeal."

court for reinstatement of Murnahan's direct appeal and for proceedings not inconsistent with this opinion.

*Judgment affirmed in part,*
*reversed in part and*
*cause remanded with instructions.*

MOYER, C.J., DOUGLAS and RESNICK, JJ., concur.

SWEENEY, WRIGHT and H. BROWN, JJ., dissent.

SWEENEY, J., dissenting. The majority opinion unwisely negates the best means for enforcing one's right to effective counsel at the appellate level by replacing post-conviction relief with the much weaker and discretionary substitute of delayed reconsideration on appeal. For that reason and the reasons that follow, I must dissent.

The right to effective assistance of appellate counsel is guaranteed under the Ohio and United States Constitutions. *In re Petition of Brown* (1990), 49 Ohio St.3d 222, 551 N.E.2d 954; *Evitts v. Lucey* (1985), 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821; *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. In order to provide a meaningful review of what is essentially a mixed question of law and fact, see *Sumner v. Mata* (1982), 455 U.S. 591, 102 S.Ct. 1303, 71 L.Ed.2d 480, a claim of ineffective assistance of appellate counsel should be carefully reviewed and a complete record developed. In my view, the trial courts of this state, not the courts of appeals, are best equipped to make the necessary record to ensure that a defendant's constitutional right to effective counsel on appeal has been secured.[9]

As the United States Supreme Court stated in *Evitts, supra,* at 399–400, 105 S.Ct. at 838, 83 L.Ed.2d at 832, "[a] system of appeal as of right is established precisely to assure that only those who are validly convicted have their

---

9. I am somewhat sympathetic to the concern expressed by the majority that post-conviction proceedings would "in effect permit trial courts to second-guess superior appellate courts." I note, however, that a number of federal appellate courts that have addressed the issue have held that federal district courts, not federal circuit courts, are the first arbiters of claims of ineffective appellate counsel raised under Section 2255, Title 28, U.S. Code, the federal counterpart to R.C. 2953.21. See, *e.g., Page v. United States* (C.A.7, 1989), 884 F.2d 300, 301–302. If our fellow jurists in the federal system are not troubled by the prospect of a trial court determining whether there has been ineffective assistance of appellate counsel and providing remedies for the same, I cannot see any reason why we should be.

Even if a trial court understandably would not feel comfortable ordering a new appeal, I would read R.C. 2953.21 as permitting the trial court to vacate its prior judgment and to reinstate the conviction for the purpose of providing a new appeal. Through this procedure, a trial court would not directly tread upon the jurisdictional prerogatives of a court of appeals, but would grant relief on an issue that, unaddressed by the court of appeals, is as open in the trial court as any other question would be under R.C. 2953.21.

freedom drastically curtailed. A State may not extinguish this right because another right of the appellant—the right to effective assistance of counsel—has been violated." By precluding a collateral attack upon the effectiveness of appellate counsel, the majority has extinguished the right to appeal in those cases in which the court of appeals chooses not to grant defendant's application for reconsideration or this court declines to certify jurisdiction over direct appeal. Motions for reconsideration or delayed appeal and jurisdictional motions to this court are granted and decided on different criteria than those used to review cases admitted on the merits. Thus, neither the possibility of a delayed appeal nor the granting of a motion to accept jurisdiction is an acceptable solution. Unless we are prepared to accept the notion that a court of appeals has no discretion to reject a delayed request for reconsideration in those cases in which there is a colorable claim of ineffective appellate counsel, the majority opinion clearly fails to protect a defendant's right of appeal.

In accordance with the instruction that "[r]emedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice," R.C. 1.11, I would construe R.C. 2953.21 as permitting claims of ineffective assistance of appellate counsel in post-conviction proceedings. I recognize that a plethora of frivolous assertions of ineffective appellate counsel may ensue. That, however, is not a reason to eliminate a remedy in all cases, including the case where the claim has merit. Experience has shown that appeals in criminal cases and post-conviction proceedings are rife with somewhat perfunctory, rote and sometimes frivolous assertions of error. However, those assertions of error involving "ineffective appellate representation" can be dispatched as expeditiously as any other frivolous claim—but there should be a remedy for the claim that has constitutional merit. The majority's opinion does not provide that remedy. Accordingly, I would affirm the court of appeals.

WRIGHT and H. BROWN, JJ., concur in the foregoing dissenting opinion.