OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Haynes, Appellant, v. Humphreys, Warden, Appellee.

[Cite as Haynes v. Humphreys (1992), Ohio St.3d .]

Habeas corpus -- Relief denied when adequate remedy at law exists -- Claim of ineffective assistance of appellate counsel -- Claim may be raised in application for reconsideration in court of appeals or in direct appeal to Supreme Court.

(No. 91-1447 -- Submitted April 7, 1992 -- Decided July 22, 1992.)

Appeal from the Court of Appeals for Lorain County, No. 91CA005050.

Appellant, Donnell Haynes, was convicted of aggravated robbery with a firearm specification and having weapons under disability. He was sentenced to seven to twenty-five years of imprisonment on the aggravated robbery charge, three years of actual incarceration on the specification, and one year of incarceration on the weapons charge, to be served concurrently with the sentence for armed robbery. He appealed to the court of appeals, but his appeal was dismissed for failure to file a brief.

Thereafter, appellant sought a writ of habeas corpus in the court of appeals, alleging ineffective assistance of appellate counsel in violation of his Sixth and Fourteenth Amendment rights. The court of appeals dismissed the petition because it did not allege lack of jurisdiction by the trial court.

The cause is before the court upon an appeal as a matter of right.

Donnell Haynes, pro se.

Lee I. Fisher, Attorney General, and Donald Gary Keyser, for appellee.

Per Curiam. In In re Petition of Brown (1990), 49 Ohio St.3d 222, 551 N.E.2d 954, and Manning v. Alexander (1990), 50 Ohio St.3d 127, 553 N.E.2d 264, we held that appeal, not habeas corpus, was the proper remedy to claim ineffective assistance of appellate counsel. In State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, we held at paragraph two of the

syllabus:

"Claims of ineffective assistance of appellate counsel may be raised in an application for reconsideration in the court of appeals or in a direct appeal to the Supreme Court pursuant to Section 2(B)(2)(a)(iii), Article IV of the Ohio Constitution. * * *"

Therefore, we affirm the judgment of the court of appeals based on Brown, Manning, and Murnahan, supra.

Judgment affirmed.

Moyer, C.J., Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.