[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 320.]

THE STATE OF OHIO, APPELLEE, V. FAUTENBERRY, APPELLANT.

[Cite as *State v. Fautenberry*, 1997-Ohio-291.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel—Application denied when applicant fails to establish good cause for failing to file his application within ninety days after journalization of the court of appeals' decision affirming the conviction, as required by App.R. 26(B)—Application denied when barred by res judicata—Application denied when applicant fails to establish the existence of a colorable claim of ineffective assistance of appellate counsel.*

(No. 96-2521—Submitted March 4, 1997—Decided April 30, 1997.)

APPEAL from the Court of Appeals for Hamilton County, No. C-920734.

————————————

{¶ 1} Appellant, John Fautenberry, was convicted of two counts of aggravated murder with specifications, and of aggravated robbery and two felony theft offenses. He was sentenced to death. Upon appeal, the court of appeals affirmed the convictions and sentence. *State v. Fautenberry* (Feb. 9, 1994), Hamilton App. No. C-920734, unreported, 1994 WL 35023. On direct appeal as of right, we also affirmed his convictions and sentence. *State v. Fautenberry* (1995), 72 Ohio St.3d 435, 650 N.E.2d 878, certiorari denied (1995), 516 U.S. __, 116 S.Ct. 534, 133 L.Ed.2d 439.

{¶ 2} On March 28, 1996, appellant filed an "Application for Reconsideration and Reopening" with this court pursuant to former S. Ct. Prac. R. XI(1)(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, alleging ineffective assistance of appellate counsel on his direct appeal before this

court. This court, treating the application as a motion for reconsideration, denied the motion. *State v. Fautenberry* (1996), 75 Ohio St.3d 1475, 663 N.E.2d 1302.

{¶ 3} On July 24, 1996, appellant filed an application for reopening in the court of appeals pursuant to App. R. 26(B), alleging ineffective assistance of appellate counsel. In an entry dated October 17, 1996, the court of appeals denied the application as untimely, no good cause having been shown pursuant to App.R. 26 (B)(2)(b). The appellate court further found the application to be barred by *res judicata,* since appellate counsel's ineffectiveness before the court of appeals could have been raised in the motion for reconsideration filed before the Supreme Court.

{¶ 4} On October 28, 1996, appellant filed a motion for reconsideration in the court of appeals that questioned Judge Marianna Brown Bettman's impartiality in the denial of appellant's application for reopening. The appellate court overruled the motion, finding that the endorsement of the prior entry of denial by Judge Bettman was undertaken "in her administrative capacity as Presiding Judge of this Court, which does not indicate that she made the judicial determination to deny said application." This appeal followed.

———————————

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.*, Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker*, Ohio Public Defender, *Lori Ann McGinnis* and *Stephen P. Hardwick,* Assistant Public Defenders, for appellant.

———————————

*Per Curiam.*

{¶ 5} We affirm the judgments of the court of appeals denying appellant's application for reopening and motion for reconsideration for the same reasons articulated by the court of appeals. Further, appellant has failed to establish the existence of a colorable claim of ineffective assistance of appellate counsel under

*Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. We reject all of appellant's propositions of law raised before this court.

*Judgments affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————