OPINION
Defendant William Lambert petitions this court for an order re-opening the direct appeal in the within case based upon App. R. 26 (B), and the Supreme Court directive contained in State v.Murnahan (1992), 63 Ohio St.3d 60. Appellant urges he was denied the effective assistance of appellate counsel in the direct appeal to this court from his conviction in 1997. In State v. Lambert
(December 11, 1997), Richland Appellate No. 97CA342, unreported, this court affirmed appellant's conviction upon overruling all three assignments of error raised therein. Appellant raises three assignments of error which, he maintains, his appellate counsel should have raised and did not.
App. R. 26 requires showing of good cause for untimely filing if the application for re-opening is filed more than 90 days after journalization of the appellate judgment. Appellant's petition was filed almost one year after our affirmance of his conviction, but appellant cites as good cause for delay that he did not receive notification of our decision until the end of November, 1998. We have reviewed the record, and find nothing in the record to contradict appellant's assertion. Accordingly, we accept appellant's showing of good cause, and we sustain the motion to re-open.
Appellant's conviction was for aggravated burglary and robbery in violation of R.C. 2911.11 and R.C. 2911.02, after a jury trial. The victim was a 69 year old ill man who was robbed and his home was burglarized. Appellant was found a short time later two tenths of a mile from the victim's home, carrying a garbage bag which proved to contain items identified as items taken from the victim's residence. Appellant's clothing had blood on it, which was consistent with the victim's blood, and not with the appellant's.
Appellant assigns three errors to the trial court:
 I. INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL.
 II. THE VERDICT WAS REACHED AGAINST THE WEIGHT OF THE EVIDENCE.
 III. APPELLANT'S DESIRE TO TESTIFY AND OTHER WITNESSES IN HIS FAVOR.
 I
In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court devised a two-prong test that requires appellant to show both that counsel's representation falls below an objective standard of essential duty to his client, and also that the substandard performance prejudiced the appellant's ability to receive a fair and reliable trial. The Ohio Supreme Court has adopted this two-prong test in State v. Bradley (1989),42 Ohio St.3d 136.
Appellant urges trial counsel was ineffective because he failed to move the court to suppress statements which appellant made to police prior to being informed of his Miranda rights. Appellant further alleges appellate counsel was ineffective in failing to raise this issue before us.
In our previous review of this case, appellant raised the issue of ineffective assistance of counsel because of failure of trial counsel to object to certain rulings of the trial court. We earlier found the rulings of the trial court were not erroneous, and therefore, trial counsel's failure to object did not constitute ineffective assistance of counsel. Pursuant to App. R. 26, this court may restrict our review to those assignments of error and arguments not previously considered, but we decline to do so in this case.
We have reviewed the record, and we find no support therein for appellant's contention he was not mirandized before making a statement while he was in custody. Appellant fails to set forth sufficient particulars in his affidavit, and we conclude this matter is more appropriate for review in post-conviction proceedings than on direct appeal, because it is outside the record before us.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant argues the jury's verdict was against the manifest weight of the evidence because of a number of factors. First, the alleged victim described the intruder who robbed him and burglarized his house inconsistently with appellant's appearance. Secondly, the police did not request a DNA analysis of the blood found on the appellant, and appellant argues the evidence did not positively identify the victim as the source of the blood. The State's evidence was merely that over 22 percent of the population had blood consistent with this type. The blood matched the victim but not appellant. Appellant also argues the placement of the blood on his garments made it improbable he was the intruder, and his fingerprints were not found at the scene. Appellant also urges the marks on his body were inconsistent with his involvement with the burglary, but rather were the result of a fight he had had the day before with one Gerald Hall. Hall was never called to testify at trial. Finally, appellant argues he had an alibi for at the time of the offense.
In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court explained the concept of weight of the evidence. The court noted the concept of the weight of the evidence is a question for the jury, and deals with the amount of the evidence offered in a trial in support of one side of an issue, Thompkins
at 387, citation deleted. If a judgment is supported by sufficient competent and credible evidence, a reasonable trier of fact could find the essential elements of the crime have been proven beyond a reasonable doubt, see State v. Jenks (1991),61 Ohio St.3d 259.
Appellant presented a strenuous defense at trial. The jurors heard all the evidence, and concluded there was sufficient evidence to convince them of appellant's guilt beyond a reasonable doubt. Our review of the record leads us to conclude appellant's conviction is not against the manifest weight of the evidence.
The second assignment of error is overruled.
 III
In his third assignment of error, appellant argues he wanted to testify on his own defense, and he asked his counsel to call certain persons which he characterizes as crucial defense witnesses. Appellant asserts his counsel refused to investigate the matter because appellant could not provide addresses for the witnesses. Appellant also argues certain of the witnesses were threatened by police in an effort to intimidate them.
Again, certain of appellant's assertions are outside the record on appeal, and are not appropriate for this court to address. Our review of the remainder of the information leads us to conclude appellant has not set forth sufficient reason for us to conclude either trial counsel or appellate counsel was deficient regarding this assignment of error.
The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Hoffman, J., and Reader, J., concur
______________________________
______________________________
 ______________________________ JUDGES
WSG:clw 0203
JUDGMENT ENTRY
CASE NO. 97-CA-34-2
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.
______________________________
______________________________
 ______________________________ JUDGES