DECISION AND JUDGMENT ENTRY
This cause is before the court on the application of appellant, Jerry Comer, to reopen the appeal from his conviction on one count of murder, in violation of R.C. 2903.02, and on one count of aggravated robbery, in violation of R.C. 2911.01(A)(1). The state of Ohio filed a response contesting the reopening of the appeal.
After a jury trial, appellant was found guilty of the named offenses. The trial court held a sentencing hearing on July 26, 1999, and imposed a sentence, as required by R.C. 2929.02(A), of fifteen years to life for the violation of R.C. 2903.02 and a sentence of seven years for the violation of R.C. 2911.01(A)(1). The court further ordered that the sentences were to be served consecutively. The court entered a judgment imposing the foregoing sentences on August 13, 1999. Appellant then filed timely notice of appeal from that judgment.
On direct appeal, appellate counsel set forth one assignment of error addressing only the trial court's jury instruction on complicity. SeeState v. Comer (Sept. 22, 2000), Lucas App. No. L-99-1296, unreported. This court found the sole assignment of error not well-taken and affirmed the judgment of the trial court. Id. On December 21, 2000, appellant's new counsel, David H. Bodiker, of the Ohio Public Defender's Office, filed this timely application to reopen the appeal on appellant's behalf.
App.R. 26(B)(2) sets forth the requirements of an application to reopen an appeal on the basis of ineffective assistance of appellate counsel. Appellant has fully complied with those requisites and sets forth the following assignment of error:
 "THE TRIAL COURT ERRED IN SENTENCING MR. COMER TO CONSECUTIVE AND NON-MINIMUM PRISON TERMS WITHOUT MAKING THE NECESSARY FINDINGS ON THE RECORD OF THE SENTENCING HEARING."
Pursuant to App.R. 26(B)(5), "an application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." See, also,State v. Murnahan (1992), 63 Ohio St.3d 60, 66 (An individual seeking reconsideration pursuant to App.R. 26(B) must first "put forth a colorable claim of ineffective assistance of appellate counsel * * *.").
Upon due consideration of a recent case decided by this court, seeState v. Walk (Dec. 29, 2000), Erie App. No. E-97-079, unreported, and our review of the sentencing hearing and judgment in this cause, we are compelled to conclude that appellant has demonstrated, pursuant to App.R. 26(B), that a genuine issue exists as to whether he was prejudiced by his appellate counsel's failure to raise the alleged sentencing errors on his direct appeal. Therefore, appellant's application to reopen is found well-taken.
Accordingly, this appeal is hereby reopened, as provided in App.R. 26(B), for the limited purpose of reviewing the errors asserted in connection with appellant's sentencing as they relate to the sentence for aggravated robbery only. The clerk of the court of appeals is ordered to refile the record within thirteen days of the journalization of this order, and this case will proceed thereafter according to the Appellate Rules. It is so ordered.
James R. Sherck, J., Richard W. Knepper, J. CONCUR.
 ____________________________ Melvin L. Resnick, J.
JUDGE