DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a Lucas County Court of Common Pleas decision denying appellant's Civ.R. 60(B) motion. The trial court's decision is affirmed for the reasons that follow.
On January 29, 1999, appellant was found guilty of two counts of aggravated robbery and one count of felonious assault, after having entered a plea of no contest. According to the record, appellant was nineteen when he committed these offenses.
On February 26, 1999, appellant was sentenced to ten years in prison on each count, to be run concurrently. He timely appealed this ruling. His appellate attorney filed an Anders brief, and after an independent review by this court, his attorney was permitted to withdraw and the judgment of the trial court was affirmed. State v. Rodgers (February 11, 2000), Lucas App. No. L-99-1091, unreported. Then, on July 10, 2000, appellant filed a Civ.R. 60(B) motion with the trial court requesting that the trial court vacate his sentence. This motion was denied by the trial court on July 11, 2000. Appellant now appeals that denial, raising the following assignment of error:
 "The trial court erred by failure to hold Civil Rule 60(B)(4) procedure by abuse of discretion, when the court of Common Pleas lacked subject matter jurisdiction over an adjudged delinquent child under parole status until age of majority, Judgment is void ab inition, when it deprives the Appellant of Due Process of Law guaranteed by the Fifth and Foureenth Amendments of the United States Constitution, and Article I, Section 10 of the Ohio Constitution." [sic]
Appellant seems to argue that, because he was still on parole in the juvenile court until he was twenty-one for offenses that he committed while he was a juvenile, the common pleas court lacked jurisdiction over him on these current charges until the juvenile court held a bindover proceeding to relinquish jurisdiction.
Initially, this court notes that appellant's motion, in essence, was a motion for postconviction relief.[1] State v. Parra (January 11, 2000), Lucas App. No. L-99-1123, unreported. As such, we find that appellant's motion was untimely. See, R.C. 2953.21(A)(2). Further, we find that appellant did not provide a justifiable reason for the delay. R.C.2953.23(A)(1).
We also find that, even if appellant's petition was timely, appellant's argument fails as the common pleas court did have jurisdiction over appellant's claims. Appellant, at nineteen years of age, was an adult when he committed these crimes. R.C. 2151.011(B)(2); R.C. 3109.01. Therefore, the juvenile court had no jurisdiction over these new charges and, consequently, there was no need for a bindover proceeding. See, R.C.2151.23; State v. Phillips (November 13, 2000), Cuyahoga App. Nos. 74397, 74398, and 74399, unreported (appellant failed to provide sound legal basis for ineffective assistance of counsel claim when he argued that, as an adult who was still on juvenile parole, he was under the exclusive jurisdiction of the juvenile court for crimes committed when he was an adult); In re Kelly (March 4, 1999), Franklin App. No. 98AP-588, unreported (juvenile court had no jurisdiction over appellant for crimes he committed as an adult, even though juvenile court still had jurisdiction for violations of parole imposed for offenses committed before the appellant turned eighteen.)
Lastly, appellant vaguely refers to ineffective assistance of appellate counsel. To the extent he is trying to raise such an argument, this argument fails for two reasons. First, such an argument was not raised in the motion before the trial court, and even if it had been, a motion for post-conviction is not the proper procedure for raising such a claim.State v. Murnahan (1992), 63 Ohio St.3d 60, paragraph one of syllabus. Second, as discussed above, appellate counsel was not ineffective in failing to raise appellant's argument because the argument is without merit. Accordingly, appellant's sole assignment of error is found not well-taken.
In consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
 _________________ KNEPPER, J.
 Melvin L. Resnick, J., Richard W. Knepper, J., Mark L. Pietrykowski,P.J., CONCUR.
[1] Appellant referred to his motion as a Civ.R. 60(B) motion. However, as the trial court notes, the civil rules are not applicable in a criminal case. Civ.R. 1(A).