[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 1237.]

THE STATE OF OHIO *v*. SCOTT.

[Cite as *State v. Scott*, 2001-Ohio-61.]

*Criminal procedure—Death penalty—Execution date set by Supreme Court of Ohio—Motion for funds for independent psychiatrist to determine competency to be executed filed by defendant in federal court—State's motion to require trial court to complete statutorily prescribed process for competency review so that defendant can be executed on date set by Supreme Court denied.*

(No. 85-1209—Submitted March 13, 2001—Decided March 21, 2001.)

ON MOTION FOR STATUS CONFERENCE AND SCHEDULING ORDER.

————————————

*Per Curiam.*

{¶ 1} Respondent, Jay D. Scott, was convicted of the aggravated murder of Vinnie M. Prince and sentenced to death. Scott appealed, and the court of appeals affirmed his conviction and sentence. *State v. Scott* (May 23, 1985), Cuyahoga App. No. 48609, unreported, 1985 WL 9047. We also affirmed Scott's conviction and death sentence. (1986), 26 Ohio St.3d 92, 26 OBR 79, 497 N.E.2d 55.

{¶ 2} Scott's state postconviction proceedings concluded on January 12, 1994, when we refused to accept jurisdiction. (1994), 68 Ohio St.3d 1426, 624 N.E.2d 1064, certiorari denied, *Scott v. Ohio* (1994), 512 U.S. 1213,  114 S.Ct. 2694, 129 L.Ed.2d 825. Finally, the federal courts denied Scott's application for habeas relief in *Scott v. Mitchell* (C.A.6, 2000), 209 F.3d 854, certiorari denied (2000), ___ U.S. ___, 121 S.Ct. 588, 148 L.Ed.2d 503. We last set Scott's execution date for April 17, 2001. *State v. Scott* (2001), 91 Ohio St.3d 1424, 741 N.E.2d 535.

**{¶ 3}** The cause is now before this court upon a motion by the Ohio Attorney General to direct the common pleas court to hold a status conference and issue a scheduling order with respect to Scott's competency to be executed.

**{¶ 4}** On February 14, 2001, Scott's attorneys filed a motion in federal court seeking funds for an independent psychiatrist to determine Scott's competency to be executed. See, generally, *Ford v. Wainwright* (1986), 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335. The state claims that it expects Scott to initiate an inquiry into his competency prior to his scheduled execution date of April 17. The state seeks to require the trial court to complete the statutorily prescribed process for competency review so that Scott can be executed on April 17.

**{¶ 5}** The state argues that *State v. Steffen* (1994), 70 Ohio St.3d 399, 639 N.E.2d 67, sets forth our authority to fashion the relief it seeks in this case. In *Steffen*, we recognized that when a criminal defendant has exhausted his statutory and *Murnahan*[1] appeals in state court, any further action a defendant files in a state court is likely to be interposed for delay and would constitute an abuse of the court system. *Id*. at 412, 639 N.E.2d at 77. However, *Steffen* has no direct application to this case. Questioning a defendant's competency to be executed does not involve repeated direct or collateral attacks on the defendant's conviction or sentence, the issue that *Steffen* concerned.

**{¶ 6}** R.C. 2949.28 and 2949.29 specify procedures for reviewing the sanity of a convict sentenced to death. This review can be initiated by "[t]he warden or the sheriff having custody of the convict, the convict's counsel, or a psychiatrist or psychologist who has examined the convict." R.C. 2949.28(B)(1).

**{¶ 7}** R.C. 2949.28 and 2949.29 set forth no deadlines for filing a notification of a convict's apparent insanity. Those statutes neither authorize nor contemplate the state's request to accelerate the specified procedures. Moreover,

---

1. *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.

R.C. 2949.28 and 2949.29 provide the exclusive statutory framework to follow if an issue arises concerning a convict's competency to be executed. We continue to have the responsibility to review and decide any request for a stay of execution in such cases. See R.C. 2949.28(B)(4).

{¶ 8} Thus, the state's request is premature. In making their request for funding to hire a psychiatrist, Scott's attorneys are not asserting his insanity. Moreover, since no notice of apparent insanity has been given, there is no case pending before the trial court that can be accelerated.

{¶ 9} Moreover, there is no need to artificially speed up competency proceedings, should there be any. R.C. 2949.28(B)(3) contemplates prompt resolution of competency proceedings. The statute requires the trial court's final decision on competency "no later than sixty days from the date of the notice." Further, if the date set for execution passes, R.C. 2949.29(B) accelerates appointment of a new execution date "effective fifteen days from the date of the entry of the judge's findings in the hearing" if a convict is found competent to be executed.

{¶ 10} For the foregoing reasons, the motion is denied.

*Motion denied.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Betty D. Montgomery,* Attorney General, *David M. Gormley*, State Solicitor, *James V. Canepa*, Assistant Attorney General; *William D. Mason*, Cuyahoga County Prosecuting Attorney, and *L. Christopher Frey*, Assistant Prosecuting Attorney, for movant, the state of Ohio.

*Gold, Schwartz & Co., L.P.A.,* and *John S. Pyle; Law Office of Timothy Farrell Sweeney and Timothy F. Sweeney*, for respondent, Jay D. Scott.

_____