JOURNAL ENTRY AND OPINION
On November 2, 2001, the applicant, Michael Dozier, pursuant to App.R. 26(B) on the grounds of ineffective assistance of appellate counsel, applied to reopen this court's judgment apparently in State off Ohio v.Michael Dozier (Jan. 17, 1980), Cuyahoga App. Nos. 40186 and 40187, unreported, which affirmed his convictions for one count of aggravated murder, five counts of rape, two counts of aggravated burglary and three counts of aggravated robbery. For the following reasons, this court denies the application.
First, Dozier does not adequately identify the judgment he seeks to reopen. App.R. 26(B)(2)(a) requires that an application for reopening shall contain the appellate case number in which the reopening is sought and the trial court case numbers from which the appeal was taken. In the case caption Dozier lists "C2-89-0398" as the appeals number[1] and CR38218 and CR39135 as the common pleas numbers. "C2-89-0398" is not a Cuyahoga County Court of Appeals case number. The confusion generated by the failure to follow App.R. 26(B)(2)(a) is peculiarly acute in the present matter because Dozier has two appeals resulting from State of Ohiov. Michael Dozier, Cuyahoga County Common Pleas Case Nos. CR-38218 and CR-39135: Case Nos. 40186 and 40187 are the direct appeals of the convictions, and Case Nos. 56120 and 56121 are the appeals of postconviction relief petitions. Additionally, State of Ohio v. MichaelDozier, Cuyahoga App. No. 40185, unreported, was also released on January 17, 1980, a date which Dozier references as one of the identifying marks of the matter sub judice. This failure to identify properly the cases in which reopening is sought is sufficient to deny the application.[2]
Second, App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision unless the applicant shows good cause for filing at a later time. The November 2, 2001 application was filed approximately twenty-one years and ten months after this court's decision. Thus it is untimely on its face.
To establish good cause Dozier argues that his appellate counsel breached his duty by failing to inform Dozier of his right to file a motion for reconsideration under App.R. 26(A). This application is unpersuasive to explain a delay of approximately twenty-two years. In a case released on August 25, 1988, Dozier appealed the denial of his postconviction relief petitions. Cuyahoga App. Nos. 56120 and 56121, unreported. In August 1988, he filed motions for reconsideration. Any excuse about the failure to know about App.R. 26 expired long ago. Claims of ignorance of the law because an attorney failed to inform a client are not persuasive to establish good cause. The laws relating to State v.Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, and App.R. 26 (B), promulgated July 1993, are too well known, and too much time has elapsed.State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, unreported, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994),69 Ohio St.3d 1481; State v. Tramrnell (July 24, 1995), Cuyahoga App. No. 67834, unreported, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Cummings (Oct. 17, 1996), Cuyahoga App. No. 69966, unreported, reopening disallowed (Mar. 26, 1998), Motion No. 92134; andState v. Young (Oct. 13, 1994), Cuyahoga App. Nos. 66768 and 66769, unreported, reopening disallowed (Dec. 5, 1995), Motion No. 66164. Ignorance of the law is no excuse.
Moreover, this court has repeatedly held that misplaced reliance on one's attorney does not establish good cause. In State v. Lamar(Oct. 15, 1985), Cuyahoga App. No. 49551, unreported, reopening disallowed (Nov. 15, 1995), Motion No. 63398, this court held that lack of communication with appellate counsel did not show good cause. Similarly in State v.White (Jan. 31, 1991), Cuyahoga App. No. 57944, unreported, reopening disallowed (Oct. 19, 1994), Motion No. 49174 and State v. Allen (Nov. 3, 1994), Cuyahoga App. No. 65806, unreported, reopening disallowed (July 8, 1996), Motion No. 67054, this court rejected reliance on counsel as showing good cause. State v. Rios (1991), 75 Ohio App.3d 288,599 N.E.2d 374, reopening disallowed (Sept. 18, 1995), Motion No. 66129. Cf. State v. Moss (May 13, 1993), Cuyahoga App. Nos. 62318 and 62322, unreported, reopening disallowed (Jan. 16, 1997), Motion No. 75838; Statev. McClain (Aug. 3, 1995), Cuyahoga App. No. 67785, unreported, reopening disallowed (Apr. 15, 1997), Motion No. 76811; and State v. Russell (May 9, 1996), Cuyahoga App. No. 69311, unreported, reopening disallowed (June 16, 1997), Motion No. 82351.
Dozier also endeavors to show cause by arguing that under White v.Schotten (C.A. 6, 2000), 201 F.3d 743, he had a right to counsel after January 17, 1980, but his appellate counsel failed to perform an essential duty by failing to inform him about his right to file for reconsideration before the clerk journalized this court's decision. This argument is not persuasive. First, it is in substance a mere reformulation of his initial arguments to show cause, an argument this court has already rejected.
Furthermore, it is not based on a sound premise. An application to reopen pursuant to App.R. 26(B) is a postconviction petition. The Supreme Court of Ohio recognized this classification in Supreme Court Practice Rule II, Section 2(A)(4)(b): "The provision for delayed appeal applies to appeals on the merits and does not apply to appeals involving postconviction relief, including appeals brought pursuant to State v.Murnahan (1992), 63 Ohio St.3d 60, and App.R. 26(B)." Thus an applicant has no right to counsel in filing the application, and the failure of his appellate counsel to timely submit an App.R. 26(B) claim for ineffective assistance of appellate counsel does not establish good cause. Cf. Statev. Viceroy (May 20, 1996), Cuyahoga App. No. 68890, unreported, reopening disallowed (Mar. 25, 1999), Motion No. 1910 and State v. Burns (Aug. 8, 1996), Cuyahoga App. No. 69676, unreported, reopening disallowed (Aug. 3, 2000), Motion No. 13053 — an attorney is not expected to raise an issue as to her or his own effectiveness. State v. Wilson (1997),80 Ohio St.3d 132, 684 N.E.2d 1221. Finally, the development of the law between 1992 with Murnahan and 2000 with Schotten does not impact on what happened or was proper in 1980. This application is properly dismissed for untimely filing alone.
Nevertheless, Dozier's claim of ineffective assistance of appellate counsel is not well taken. He maintains his actual innocence and asserts that his appellate counsel should have argued that his convictions were improperly obtained because they were based on an inference regarding the necessary mens rea. He argues that the state convicted him on a theory of complicity; thus the state had to show that he had the same intent as the principals. Because the jury could only infer that the principals had the necessary intent, the only way they could conclude he had the necessary intent was to "ipso facto" carry that inference over to him. His conviction is therefore invalid, he argues, because it is based on a double inference. This argument is meritless.
On appeal Dozier's appellate counsel argued that the aggravated murder conviction was against the manifest weight of the evidence because the state did not prove that Dozier had the specific intent to kill the victim. This court rejected that argument:
 Appellant does not dispute that the state proved that he was involved in the ten other first degree felonies which were committed that night. Nor does he dispute that these felonies were committed by a group of heavily armed men who forced their way into the Blevins' home, specifically intending to rob the residents. Finally, appellant presented no evidence to challenge Gloria Blevin's testimony that before the men let LeSure into the house they said they were going to rob him, take his car and "blow his brains out". (Tr. 49-51), or Carla Blevin's testimony that appellant was standing very close to LeSure when he was shot. (Tr. 153-155).
* * *
 In the case at bar, the participants in the crimes committed at the Blevins' home had a common design to use force, violence and deadly weapons in robbing the Blevins' home, and the murder of LeSure during the commission of the other felonies was therefore a natural and probable consequence of the plan entered into by appellant and his accomplices. The jury therefore did not err in finding that appellant had a purposeful intent to kill LeSure * * *. Slip Op. at 2-3.
Dozier's appellate counsel put the issue of intent squarely before this court, and this court concluded that the jury properly found the requisite intent based on the evidence at trial. Framing the issue of intent in terms of a double inference would not have made a difference. Appellate counsel was not ineffective for framing the issue of intent in terms of the manifest weight as compared to double inference, and Dozier has not shown prejudice. Thus Dozier has not shown that there is genuine issue regarding the effectiveness of his appellate counsel.
Accordingly, this court denies the application to reopen.
PATRICIA ANN BLACKNON, J., COLLEEN CONWAY COONEY, J., CONCUR.
[1] This is the only appellate number stated in the application.
[2] For purposes of the rest of the entry, this court will assume that Dozier seeks to reopen the judgments in Case Nos. 40186 and 40187. The trial court case numbers match, and the description of the crimes as stated in the application match the convictions in those two appeals.