DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court upon an application for delayed reopening, motion for appointment of counsel, motion for preparation of the record at the state's expense, and motion to extend all deadlines filed by appellant Thomas Embry. For the reasons that follow, we grant the motions for delayed reopening and appointment of counsel and deny the remaining motions.
 {¶ 2} Appellant, though appointed counsel, filed in this court an appeal of his conviction for felonious assault. Despite receiving two extensions, appellate counsel never filed a brief, and we dismissed the appeal on December 15, 2003. We sent notice of the dismissal to appellant's counsel and to the state of Ohio. According to sworn statements in his application, appellant did not learn of the dismissal until he requested and reviewed a copy of the docket sheet on November 26, 2004. He filed his application for delayed reopening on December 21, 2004. That state of Ohio did not oppose the motion.
 {¶ 3} App.R. 26(B) provides, in pertinent part:
 {¶ 4} "(1) A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.
 {¶ 5} "* * *.
 {¶ 6} "(5) An application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal.
 {¶ 7} "* * *."
 {¶ 8} See, also, State v. Murnahan (1992), 63 Ohio St.3d 60, paragraph three of the syllabus.
 {¶ 9} In the instant case, where appointed appellate counsel failed to file a brief on appellant's behalf, we find that a genuine issue exists as to whether appellant was denied effective assistance of counsel. We also find that appellant has shown good cause for his untimely filing. Therefore, appellant's motion for delayed reopening shall be granted and we shall appoint counsel to represent him on appeal.
 {¶ 10} Appellant has also filed a motion for preparation of the record at state expense. The record has already been assembled and the transcript has been prepared. Therefore, we deny this motion as moot.
 {¶ 11} Finally, appellant has requested an extension for all deadlines, arguing, apparently, that mail service to and from prison is unreliable. Given that we are appointing counsel, we need not consider this argument. Appellant's motion for extension of deadlines is not well-taken and denied.
 {¶ 12} Upon due consideration, appellant's motions for delayed reopening and appointment of counsel are granted. We appoint Jack Brady, 4052 Holland-Sylvania Road, Toledo, Ohio, 43623, to represent appellant on appeal. It is ordered that counsel file a brief within 30 days of this order. All other motions are denied.
Reopening Granted.
Handwork, J., Pietrykowski, J., Singer, P.J. Concur.