JOURNAL ENTRY AND OPINION
{¶ 1} Pursuant to App.R. 26(B) and State v. Murnahan
(1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, Jason Bostick has applied to reopen this court's judgment in State v. Bostick,
Cuyahoga App. No. 82933, 2004-Ohio-1676, in which this court affirmed his convictions for felonious assault, attempted murder and having a weapon under disability, but reversed and remanded for resentencing only. Bostick claims that his appellate counsel admits that counsel was ineffective for not arguing ineffective assistance of trial counsel. The State has filed a brief in opposition. For the following reasons, this court denies the application.
 {¶ 2} At trial, the first witness for the State testified that she knew Bostick for several years before the shooting. Just before the incident, she saw Bostick with his arm in a sling. A few moments later, she saw Bostick standing over a man, shooting him. She further testified that, after the shooting, Bostick contacted her, seeking to dissuade her from testifying. On cross-examination, defense counsel brought out several times that the witness knew Bostick was in jail. Thereafter, both defense counsel and the prosecutor mentioned that Bostick was in jail.
 {¶ 3} On appeal, counsel raised prosecutorial misconduct as one of the assignments of error, claiming that the comment that Bostick was in jail deprived him of his right to a fair trial. In rejecting this argument, this court noted that "it was appellant's own counsel who pointed out to the jury several times that the appellant was incarcerated. Appellant has not raised ineffective assistance of counsel as an assignment of error; therefore, his argument is misplaced." 2004-Ohio-1676 at ¶ 26.
 {¶ 4} Appellate counsel then moved to appoint new counsel to reopen the appeal under App.R. 26(B). He argued that he had overlooked the fact that trial counsel had first stated that Bostick was in jail. Indeed, he claimed that during oral argument, the panel pointed this out and they stated that this would have been a denial of effective assistance of trial counsel, if it had been cited as error.
 {¶ 5} Bostick argues that his appellate counsel's confession of error and this court's implicit acknowledgment that his appellate counsel failed to raise a meritorious assignment of error establishes a genuine issue as to whether Bostick was deprived of the effective assistance of counsel on appeal.
 {¶ 6} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington
(1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052; State v.Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 7} In Strickland, the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'"Strickland, 104 S.Ct. at 2065.
 {¶ 8} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice, that, but for the unreasonable error, there is a reasonable probability that the results of the proceeding would have been different. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of the alleged deficiencies.
 {¶ 9} In the present case, Bostick's argument is not persuasive. First, it is not certain that trial counsel was deficient in cross-examination. By eliciting the fact that the first witness knew that Bostick was in jail, it cast doubt on her testimony that Bostick was trying to intimidate her.
 {¶ 10} More importantly, Bostick has not established prejudice. The evidence against him was overwhelming. The victim testified that he saw Bostick pull out a revolver and then he was shot while running away. Another witness testified that he had known Bostick for ten years and that he saw Bostick chase the victim and shoot him. Still another witness saw Bostick talking with the first witness, then she heard shots and saw Bostick run to his car and drive away. As already stated, the first witness saw Bostick with a gun and saw him shoot the victim. The defense rested immediately after the State rested its case and offered no defense testimony. Given this evidence, it is difficult to imagine how a few references to Bostick's being in jail would have affected the outcome of the trial.
 {¶ 11} Moreover, in State v. Hamilton (Apr. 18, 1985), Cuyahoga App. No. 48945, this court held that commenting that a defendant is in jail is not a per se prejudicial remark. Determining whether the remark is prejudicial depends on several factors: (1) the nature of the remarks, (2) whether counsel objected, (3) whether the court gave corrective instructions, and (4) the strength of the evidence against the defendant. InHamilton, the prosecutor asked on cross-examination whether the witness had visited the defendant in jail. In upholding the conviction, this court noted that absent the reference to his being in jail, there was clearly sufficient evidence to convict Hamilton. Cf. State v. Sells (Oct. 28, 1988), Champaign App. No. 87CA19 — jurors seeing defendant in handcuffs and jail clothing was not error because of, inter alia, the "great deal" of evidence supporting conviction. Bostick has not established prejudice.
 {¶ 12} Finally, this court gives little weight to the original appellate counsel's recollections of the first panel's remarks regarding ineffective assistance of trial counsel. There is no record of what was said during oral argument, and in this court's written opinion, we stopped far short of opining on the success of such an assignment of error.
 {¶ 13} Accordingly, the application to reopen is denied.
Blackmon, A.J., Concurs.
 Calabrese, Jr., J., Concurs.