JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} On October 29, 2007, the applicant, Aaron Adams, pursuant to App.R. 26(A) and State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204, applied to reopen this court's judgment in State v. Adams, Cuyahoga App. No. 88781, 2007-Ohio-3918, in which this court affirmed Adams' convictions for aggravated burglary, aggravated robbery, robbery, and felonious assault. On November 6, 2007, the State of Ohio filed its brief in opposition, and Adams filed his reply brief on November 16, 2007. For the following reason this court denies the application.
 {¶ 2} Adams now maintains that his appellate counsel should have argued that trial counsel was ineffective for failing to request an in camera inspection of the State's primary witness' police statement to determine inconsistencies among the police statement, her testimony at the preliminary hearing, and her trial testimony. This argument is illfounded. A review of the record, pages 57-58, establishes that the trial court did conduct an in camera inspection of the witness' police statement. At the end of her direct examination the prosecutor stated: "* * * Ms. Edwards did make a statement."
 {¶ 3} "THE COURT: Okay. Let's go off the record and examine the statement.
 {¶ 4} * * * *Page 4 
 {¶ 5} "THE COURT: On the record. The Court has conducted an in camera inspection of the statement and defense counsel will be permitted to use it. Proceed with cross-examination." (Tr.pgs. 57-58.)
 {¶ 6} Furthermore, the witness' cross-examination (Tr. pgs. 58-95) establishes that trial counsel used both the police statement and the testimony from the preliminary hearing to impeach the witness and show the inconsistencies. Indeed, trial counsel began his cross-examination by impeaching the witness with her preliminary hearing testimony. Moreover, appellate counsel used these inconsistencies as the basis for the manifest weight argument. Appellate counsel also argued ineffectiveness of trial counsel for not objecting to the state impeaching a defense witness with a twenty-year-old conviction.
 {¶ 7} Accordingly, because Adams' argument is without foundation, this court denies his application to reopen.
 JAMES J. SWEENEY, A.J., and CHRISTINE T. MCMONAGLE, J., CONCUR. *Page 1