[Cite as *Barnes v. Hanna*, 2021-Ohio-1588.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DEMETRIUS A. BARNES,                 :

    Plaintiff-Appellant,             :

                            No. 109859

    v.                               :

HOWARD HANNA, ET AL.,                :

    Defendants-Appellees.            :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** May 3, 2021

---

Cuyahoga County Court of Common Pleas
Case No. CR-15-600442-A
Cleveland Heights Municipal Court
Case No. B8-2425-J
Application for Reopening
Motion No. 546019

---

***Appearances:***

Demetrius A. Barnes, *pro se.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} On April 22, 2021, the applicant, Demetrius A. Barnes, pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992) filed an application to reopen. In the caption, Barnes refers to two different cases, *State v. Barnes,* Cuyahoga C.P. No. CR-15-600442-A, and *Barnes v. Howard*

*Hanna*, 8th Dist. Cuyahoga No. 109859. Thus, it is difficult to discern which case he seeks to reopen. For the following reasons, this court denies the application.

{¶ 2} In *State v. Barnes,* Cuyahoga C.P. No. CR-15-600442-A, (hereinafter the "Criminal Case"), on April 5, 2017, Barnes pled guilty to burglary and theft. The trial court imposed two years of community control on each count. The docket of this case shows that on March 13, 2019, the trial court terminated Barnes's community control sanction. Barnes never appealed this case.

{¶ 3} In *Barnes v. Howard Hanna,* 8th Dist. Cuyahoga No. 109859 (hereinafter the "Civil Case"), Barnes, pro se, tried to appeal from Cleveland Heights M.C. No. B8-2425-J, on July 31, 2020. However, on August 5, 2020, this court dismissed the appeal, because Barnes did not file the notice of appeal in the trial court as required by App.R. 3(A). He now files this application to reopen in which he refers to Howard Hanna, the sale of property, lack of notice of the sale, and lack of a contract.

{¶ 4} To the extent that Barnes is trying to reopen his appeal in the Civil Case, App.R. 26(B) is the wrong remedy. This rule applies only to appeals from judgments of convictions and sentences, in other words, only to criminal cases. To the extent that Barnes is trying to file a motion for reconsideration under App.R. 26(A), this court denies the motion, because such motions for reconsideration are to be filed within ten days of this court's judgment.

{¶ 5} To the extent that Barnes is seeking to reopen the Criminal Case, App.R. 26(B) is inapplicable because there was never an appeal. To the extent that

he is seeking to file a motion for delayed appeal under App.R. 5, this court declines to grant such a motion, because the criminal case does not appear to be the focus of the application and because Barnes has been released from his community control sanction after pleading guilty.

{¶ 6} Accordingly, this court denies the application to reopen.

_____

MICHELLE J. SHEEHAN, JUDGE

MARY J. BOYLE, A.J., and
SEAN C. GALLAGHER, J., CONCUR