[Cite as *State v. Maxey*, 2025-Ohio-2671.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112981 |
| v. | : | |
| DERRICK MAXEY, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** July 25, 2025

---

Cuyahoga County Court of Common Pleas
Case No. CR-22-668584-A
Application for Reopening
Motion No. 584767

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Chauncey Keller, Assistant Prosecuting Attorney, *for appellee.*

Derrick Maxey, *pro se.*

ANITA LASTER MAYS, J.:

{¶ 1} On May 27, 2025, the applicant, Derrick Maxey, pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60 (1992), applied to reopen this court's judgment in *State v. Maxey*, 2024-Ohio-1279 (8th Dist.), in which this court

affirmed his convictions for aggravated murder; felonious assault; and two counts of murder. This application is nearly identical to the application Maxey filed on July 8, 2024, that this court denied as untimely. The main difference between the two is that Maxey now tries to establish good cause for his untimely filing in 2024. He argues that he emailed his application to his sister with instructions to file it timely. She told him that she had done so, but the application was filed five days late.

{¶ 2} On June 26, 2025, the State filed its brief in opposition. For the following reasons, this court denies the application.

{¶ 3} As the court explained in its July 26, 2024 entry, denying Maxey's first application, the failure of a courier to deliver an App.R. 26(B) application timely does not state good cause for an untimely filing. *State v. Winstead*, 74 Ohio St.3d 277 (1996); *State v. Harris*, 2018-Ohio-838 (8th Dist.); and *State v. Miller*, 2015-Ohio-1535 (8th Dist.). Proffering a more detailed explanation of the courier's failure ten months later does not provide good cause.

{¶ 4} Furthermore, as the Supreme Court of Ohio held, there is no right to file successive applications for reopening. Once ineffective assistance of counsel has been raised and adjudicated, res judicata bars its relitigation. *State v. Williams*, 2003-Ohio-3079; *State v. Twyford*, 2005-Ohio-4380; and *State v. Slagle*, 2002-Ohio-6612.

**{¶ 5}** Accordingly, this court denies the application to reopen.

_____
ANITA LASTER MAYS, JUDGE

EILEEN A. GALLAGHER, A.J., and
DEENA R. CALABRESE, J., CONCUR