DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Lucas County Court of Common Pleas which sentenced appellant to a total prison term of fifty-six years for multiple counts of aggravated robbery, with firearms specifications, and one count of kidnaping.
The facts relevant to this appeal are as follows. On October 15, 1997, appellant was sentenced to seven consecutive five-year prison terms for aggravated robbery and seven three-year prison terms for firearms specifications, all to be served consecutively. Appellant was also sentenced to four additional five-year prison terms for aggravated robbery and kidnapping to be served concurrently with the consecutive sentences.
On direct appeal, we affirmed appellant's conviction. See State v.Walker (Aug. 6, 1999), Lucas App. No. L-97-1405, unreported. On December 8, 2000, appellant filed an application to reopen his appeal pursuant to App.R. 26(B) and State v. Murnahan (1992), 63 Ohio St.3d 60, based on appellate counsel's failure to have the sentencing hearing transcribed and to set forth certain errors relative thereto. On January 16, 2001, this court granted appellant's application for reopening. State v. Walker
(Jan. 16, 2001), Lucas App. No. L-97-1405, unreported.
Appellant now raises the following assignments of error:
 "I. IT CONSTITUTED ERROR TO IMPOSE CONSECUTIVE SENTENCES WITHOUT SETTING FORTH REASONS AS REQUIRED BY R.C. § 2929.19(B)(2)(C). (Judgment Entry filed 10/15/97; sentencing hearing)
 "II. IT CONSTITUTED ERROR TO IMPOSE CONSECUTIVE SENTENCES THAT ARE DISPROPORTIONATE TO THE SERIOUSNESS OF THE CONDUCT CONSTITUTING THE OFFENSES OF CONVICTION. (Judgment Entry filed 10/15/97; sentencing hearing)"
In his first assignment of error, appellant argues that the trial court, in sentencing appellant to consecutive sentences, failed to set forth its reasons as required under R.C. 2929.19(B)(2)(c).
In addition to the necessary findings under former R.C.2929.14(E)(3),[1] prior to sentencing appellant to consecutive sentences, the court, pursuant to R.C. 2929.19(B)(2)(c) was required to set forth "its reasons for imposing the consecutive sentences." As to this requirement the Supreme Court of Ohio, in State v. Edmonson (1999),86 Ohio St.3d 324, 326, acknowledged that R.C. 2929.19(B)(2) "explicitly demands that the court give reasons" for selecting a particular sentence. This court has also determined that the sentencing judge, at the sentencing hearing, must give its reasons for the findings made in support of consecutive sentences. See State v. Craft (Apr. 27, 2001), Fulton App. No. F-00-013, unreported.
We have carefully reviewed the transcript of appellant's sentencing hearing and find that the court failed to state its reasons for imposing consecutive sentences as required under R.C. 2929.19(B)(2)(c). During the sentencing, the court merely recited the various counts for which appellant was convicted and the sentence for each count. The only sentencing statutes referenced were R.C. 2929.11 and 2929.12. Accordingly, appellant's first assignment of error is well-taken.
Appellant, in his second assignment of error, argues that the consecutive sentences imposed are disproportionate to the seriousness of appellant's conduct. Based upon our disposition of appellant's first assignment of error, we find that the assigned error is moot.
On consideration whereof, the sentence rendered by the Lucas County Court of Common Pleas is vacated and this case is hereby remanded for further proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Mark L. Pietrykowski, P.J., Peter M. Handwork, J. and Melvin L. Resnick, J. CONCUR.
[1] On the dates of the offenses, R.C. 2929.14(E)(3) provided:
 "(3) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."