DECISION AND JOURNAL ENTRY
This appeal was reopened upon the appellant's application for reopening pursuant to App.R. 26(B). Upon review of the record and each error assigned, the Court finds that the performance of prior appellate counsel was deficient and the appellant was prejudiced by that deficiency. Accordingly, the Court hereby vacates its prior judgment affirming the trial court decision, which was entered on December 6, 2000. See State v. Reid (Dec. 6, 2000), Summit App. No. 20075, unreported. The following disposition is made:
Appellant, Donta Reid ("Reid"), appeals the decision of the Summit County Court of Common Pleas sentencing him to maximum, consecutive sentences. This court reverses and remands for resentencing.
 I.
This appeal arises out of Reid's sentences for preparation of marijuana for sale, in violation of R.C. 2925.07(C)(3)(A), and possession of cocaine, in violation of R.C. 2925.11(A). Reid was convicted of both charges and sentenced to one year in prison for possession of cocaine, a mandatory sentence. The trial court also sentenced Reid to a one-year prison term on the charge of preparation of marijuana for sale, the maximum sentence authorized under R.C. 2929.14(A). The court ordered the sentences to be served consecutively.
In the original appeal to this court, we affirmed the judgment of the trial court. See State v. Reid (Dec. 6, 2000), Summit App. No. 20075, unreported. Because this court was not provided with the transcript from the sentencing hearing, we presumed regularity in the sentencing process and overruled Reid's assignment of error concerning his sentence. Id. at 8.
On March 5, 2001, Reid filed a motion to reopen his appeal pursuant to App.R.26(B) and State v. Murnahan (1992), 63 Ohio St.3d 60, based upon a claim of ineffective assistance of counsel for counsel's failure to have the sentencing hearing transcribed and transmitted to the appellate court. On April 9, 2001, this court granted Reid's application for reopening, limiting review to the following assignment of error: the trial court erred in sentencing Appellant to the maximum sentence for preparation of marijuana for sale, and in ordering Appellant's sentences to run consecutively, because the court failed to make and support the requisite findings for maximum, consecutive sentences.
Reid now raises one issue for appeal.
 II. Assignment of Error The trial court erred in sentencing Mr. Reid to the maximum sentence for preparation of marijuana for sale, and in ordering Mr. Reid's sentences to run consecutively, because the court failed to make and support the requisite findings for maximum, consecutive sentences.
Reid argues that it was error for the trial court to impose the statutory maximum sentence and consecutive sentences without setting forth the requisite findings in support of such sentences. We agree.
An appellate court may remand a matter on appeal for resentencing if it finds that the trial court clearly and convincingly acted contrary to law. R.C. 2953.08(G). Clear and convincing evidence is evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." State v.Eppinger (2001), 91 Ohio St.3d 158, 164, quoting Cross v. Ledford (1954),161 Ohio St. 469, 477.
Under R.C. 2929.14(C), the trial court may impose maximum prison terms upon offenders falling into one of the following four categories: (1) those offenders committing the worst forms of the offense; (2) those posing the greatest likelihood of committing future crimes; (3) certain major drug offenders as set forth in R.C. 2929.14(D)(3); and (4) certain repeat violent offenders as set forth in R.C. 2929.14(D)(2). R.C.2929.19(B)(2)(d) also requires that when a court imposes the maximum sentence pursuant to R.C. 2929.14(A), the court must specify its reasons for its decision. In interpreting this statute, the Ohio Supreme Court held that if a court imposes the maximum sentence for an offense, "the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C.2929.14(C)." State v. Edmonson (1999), 86 Ohio St.3d 324, 329.
The trial court may impose consecutive sentences when the court finds consecutive sentences are necessary to protect the public or to punish the offender, provided that the sentences are not disproportionate to the both the seriousness of the defendant's conduct and to the danger posed to the public. The court must also find one of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.14(E)(4).
As with the imposition of maximum sentences, the trial court must also make its findings and give its reasons for imposing consecutive sentences. "This Court has already extended the rationale of Edmonson to require the trial court to make findings and give its reasons to support the imposition of consecutive sentences." State v. Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported, at 2. This court has held that the trial court's findings need not be in the transcript of the sentencing hearing, as long as the findings are contained in the journal entry. Id. at 4.
Upon careful review of the transcript of Reid's sentencing hearing and the journal entry, we find that the trial court failed to make the requisite findings for the imposition of the maximum sentence and for ordering the two sentences to run consecutively. Neither the journal entry nor the sentencing hearing contains the requisite findings. Accordingly, Reid's assignment of error is sustained. The judgment of the trial court is reversed and the cause remanded for resentencing.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
SLABY, J., WHITMORE, J. CONCUR.