OPINION
David Leigh appeals, pro se, from a judgment of the Montgomery County Court of Common Pleas, which denied his petition for postconviction relief.
Leigh was convicted of felonious assault in April 2000 and filed a direct appeal shortly thereafter. In December 2000, he filed a petition for postconviction relief in the trial court pursuant to R.C. 2953.21. In response to Leigh's petition for postconviction relief, the state filed a motion for summary judgment. The trial court granted the motion for summary judgment in April 2001, and Leigh appealed. Leigh's direct appeal (Montgomery County App. No. 18294) and his appeal from the denial of his petition for postconviction relief (Montgomery App. No. 18841) are both currently before this court.
In his direct appeal, Leigh challenged the trial court's jurisdiction, the trial court's failure to conduct a preliminary hearing in his criminal case, the use at trial of a statement from a fellow inmate, and the effectiveness of his trial counsel. Leigh reiterates these arguments herein, but these arguments were properly raised in Leigh's direct appeal, and we addressed them in the opinion we rendered in Case No. 18294. We will not revisit these issues in this opinion. Instead, we turn to the arguments that were not cognizable on direct appeal.
Leigh argues that he was denied the effective assistance of appellate counsel because counsel filed a brief pursuant to Anders v. California
(1967), 386 U.S. 738, 87 S.Ct. 1396, because she did not challenge trial counsel's effectiveness in failing to investigate the victim's medical history and because she did not challenge the complaint filed against him. The ineffective assistance of appellate counsel is not properly raised in a petition for postconviction relief. State v. Murnahan
(1992), 63 Ohio St.3d 60, paragraph one of the syllabus. Such an argument may be raised in an App.R. 26(B) application for reopening or in a direct appeal to the supreme court pursuant to Section 2(B)(2)(a)(iii), ArticleIV of the Ohio Constitution. See Murnahan, 63 Ohio St.3d 60, paragraph two of the syllabus. Thus, Leigh has not employed the proper vehicle to raise this argument, and we will not address it.
Leigh argues that the trial court erred in failing to issue adequate findings of fact and conclusions of law in its judgment on his petition for postconviction relief. R.C. 2953.21(C) provides that, if, after reviewing a petition for postconviction relief, the supporting affidavits, the documentary evidence, and the record of the case, the trial court determines that there are no substantive grounds for relief and that the petition should be dismissed, the court "shall make and file findings of fact and conclusions of law with respect to such dismissal." Findings of fact and conclusions of law must be sufficient to apprise the petitioner of the grounds for the judgment and to apprise the appellate court of the reasons for the trial court's action so that the appellate court may effectively review the judgment for error. State v. Wiles
(1998), 126 Ohio App.3d 71, 79.
Our review of the trial court's judgment reveals that the court did address Leigh's arguments with specificity. The trial court discussed Leigh's argument that trial counsel had been ineffective, concluding that there was no evidence that the claimed omissions had affected the outcome of the trial. The trial court also concluded that trial counsel had, in fact, done some of the things that Leigh claimed he had failed to do, such as request an instruction on a lesser included offense. Further, the trial court properly found that some of Leigh's arguments were barred byres judicata because they could have been raised on direct appeal. Although Leigh may dislike the trial court's conclusions, he cannot credibly argue that its reasons were not set forth in the judgment.
Leigh's assignments of error are overruled.
The judgment of the trial court will be affirmed.
FAIN, J. and GRADY, J., concur.