DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas wherein appellant, Jerry Comer, was convicted of one count of murder and one count of aggravated robbery. The court sentenced appellant to a term of incarceration of fifteen years to life for the murder pursuant to R.C. 2929.02(B) and to seven years incarceration for the aggravated robbery, a felony of the first degree, to be served consecutively. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant filed a direct appeal from his conviction raising a single assignment of error as to jury instructions. This court rejected appellant's assertion and affirmed his conviction. See State v. Comer
(Sept. 22, 2000), Lucas App. No. L-99-1296, unreported.
On December 21, 2000, Comer filed a timely motion to reopen his appeal pursuant to App.R. 26(B) and State v. Murnahan (1992), 63 Ohio St.3d 60. He claimed ineffective assistance of appellate counsel in failing to raise error regarding the "nonminimum" and consecutive sentences imposed by the trial court.
On January 29, 2001, this court granted Comer's application for reopening, limiting review to "errors asserted in connection with appellant's sentencing for aggravated robbery only." Pursuant to that mandate, Comer now raises one assignment of error for our consideration:
 "THE TRIAL COURT ERRED IN SENTENCING MR. COMER TO CONSECUTIVE AND NON-MINIMUM PRISON TERMS WITHOUT MAKING THE NECESSARY FINDINGS ON THE RECORD OF THE SENTENCE HEARING."
A criminal defendant is entitled to effective assistance of appellate counsel on a first appeal as of right. Evitts v. Lucy (1985), 469 U.S. 387,396. In determining whether a defendant received effective assistance of appellate counsel, the standards set forth in Strickland v. Washington
(1984), 466 U.S. 668, apply. State v. Watson (1991), 61 Ohio St.3d 1,16. Thus, performance by appellate counsel will not be deemed ineffective unless that performance falls below an objective standard of reasonable representation and prejudice arises from counsel's performance.Strickland v. Washington, 466 U.S. at 687; State v. Bradley (1989),42 Ohio St.3d 136, paragraph two of the syllabus.
Comer first argues that appellate counsel's performance was deficient because she did not assert that the trial court erred by failing to state necessary findings for the imposition of a "nonminimum" sentence for aggravated robbery at the sentencing hearing.
A presumption in favor of imprisonment exists for first and second degree felonies under R.C. 2929.13(D). State v. Walk (Dec. 29, 2000), Erie App. No. E-97-079, unreported. As to those instances where a defendant has not previously been sentenced to imprisonment, R.C.2929.14(B) requires the sentencing court to impose "the shortest term within the sentencing range unless the court finds on the record that such a sentence would demean the seriousness of the offense or not adequately protect the public." Id., following State v. Edmonson (1999),86 Ohio St.3d 324, 326. The rule followed by this court allows a trial court to state the two necessary findings in its judgment entry on sentencing, See State v. Craft (Apr. 27, 2001), Fulton App. No. F-00-013, unreported, or, in the alternative, to orally state the required findings at the sentencing hearing, State v. Akers (June 2, 2000), Sandusky App. No. S-99-035, unreported (Citations omitted.).
The record reveals that appellant was not previously sentenced to a term of imprisonment. R.C. 2929.14(A)(1) provides that for a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine or ten years. Here, the trial court sentenced appellant to seven years, a term which is clearly not the shortest term allowed under R.C. 2929.01(A)(1). Nevertheless, the court expressly entered the requisite findings in its judgment, stating:
 "The Court finds pursuant to R.C. 2929.14(B) that the shortest prison term possible will demean the seriousness of the offense AND will not adequately protect the public and therefore imposes a greater term."
These findings are sufficient to satisfy the requisites of R.C. 2929.14(B). Accordingly Comer's first argument lacks merit.
Appellant also contends that his appellate counsel did not fulfill her duty to her client because she failed to raise prejudicial error with regard to the imposition of a consecutive sentence. Specifically, he asserts that in order to impose the term of imprisonment for aggravated robbery consecutive to appellant's sentence for murder, the trial court was required to state requisite statutory findings at the sentencing hearing and in its judgment entry.
Again, the trial court made the findings required by R.C. 2929.14(E)(3) in its judgment entry. The court also provided at least two reasons for these findings during the sentencing hearing. Because the rule followed by this court permits a sentencing court to state its findings in either its judgment entry or from the bench and the trial court did cite to reasons supporting those findings, see R.C. 2929.19(B)(2); State v.Walk, supra, we find that appellate counsel on direct appeal was not deficient in the performance of her duties to her client. Consequently, appellant's sole assignment of error is found not well-taken.
On consideration whereof, this court finds that appellant was neither prejudiced nor prevented from having a fair hearing, and the judgment of the Lucas County Court of Common Pleas is, once again, affirmed. Appellant is ordered to pay the costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J., and Richard W. Knepper,J., CONCUR.