JOURNAL ENTRY AND OPINION
On May 7, 2001, the applicant, Safabian Stearns, applied, pursuant to App.R. 26(B) and State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204, to reopen this court's judgment in State of Ohio v.Safabian Stearns (July 24, 2000), Cuyahoga App. No. 76513, unreported, in which this court affirmed Mr. Stearns' convictions and sentences for two counts of rape, two counts of gross sexual imposition and one count of kidnapping a minor. On May 29, 2001, the State of Ohio filed its brief in opposition, and on August 23, 2001, Mr. Stearns filed a supplemental brief. For the following reasons this court denies the application.
App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision unless the applicant shows good cause for filing at a later time. The May 7, 2001 application was filed over nine months after this court's decision. Thus, it is untimely on its face. Mr. Stearns argues that his lack of legal knowledge prevented him from timely filing his application. However, the courts have consistently ruled that lack of knowledge or ignorance of the law does not provide sufficient cause for untimely filing. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, unreported, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481; State v.Trammell (July 24, 1995), Cuyahoga App. No. 67834, unreported, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Cummings (Oct. 17, 1996), Cuyahoga App. No. 69966, unreported, reopening disallowed (Mar. 26, 1998), Motion No. 92134; and State v. Young (Oct. 13, 1994), Cuyahoga App. Nos. 66768 and 66769, unreported, reopening disallowed (Dec. 5, 1995), Motion No. 66164. Ignorance of the law is no excuse.
Mr. Stearns also argues that he was further delayed because he does not have a transcript. However, this does not establish good cause for untimely filing an application to reopen. This court has repeatedly held that difficulty in obtaining the transcript does not constitute good cause. In State v. Towns (Oct. 23, 1997), Cuyahoga App. No. 71244, unreported, reopening disallowed (May 4, 2000), Motion No. 6308, the applicant endeavored to show good cause for untimely filing by arguing that his counsel was uncooperative and refused to send him any documents concerning the case. This court rejected that argument, ruling that "being a layman and experiencing delays in obtaining records related to one's conviction are not sufficient bases for establishing good cause for untimely filing of an application for reopening." (Slip Op. at 3.) See, also, State v. Bussey (Dec. 2, 1999), Cuyahoga App. No. 75301, unreported, reopening disallowed (Aug. 8, 2000), Motion No. 16647; Cityof Newburgh Heights v. Chauncey (Aug. 26, 1999), Cuyahoga App. No. 75465, unreported, reopening disallowed (Oct. 20, 2000), Motion No. 17839; State v. Blackmon (July 18, 1985), Cuyahoga App. No. 48787, reopening disallowed (Oct. 25, 2000), Motion No. 18768; State v. Sanchez
(June 9, 1994), Cuyahoga App. No. 62796, unreported, reopening disallowed (Aug. 16, 2001), Motion No. 23717; State v. Chandler (Mar. 5, 1992), Cuyahoga App. No. 59764, unreported, reopening disallowed (Aug. 13, 2001), Motion No. 24366 — counsel's delays in sending applicant the transcript and refused access to parts of the transcript did not state good cause.
Mr. Stearns also complains that he did not have ready access to the prison law library. However, the courts have also repeatedly rejected the claim that limited access to legal materials states good cause for untimely filing. Prison riots, lockdowns and other library limitations have been rejected as constituting good cause. State v. Kaszas (Sept. 21, 1998), Cuyahoga App. Nos. 72547 and 72547, unreported, reopening disallowed (Aug. 14, 2000), Motion No. 16752; State v. Hickman (Apr. 30, 1998), Cuyahoga App. No. 72341, unreported, reopening disallowed (Dec. 13, 2000), Motion No. 20830 and State v. Turner (Nov. 16, 1989), Cuyahoga App. No. 55960, unreported, reopening disallowed (Aug. 20, 2001), Motion No. 23221. Untimeliness alone is sufficient to dismiss the application.
Furthermore, res judicata properly bars this application. See, generally, State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. Resjudicata prevents repeated attacks on a final judgment and applies to all issues which were or might have been litigated. In State v. Murnahan
(1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, the supreme court ruled thatres judicata may bar a claim of ineffective assistance of appellate counsel unless circumstances render the application of the doctrine unjust.
In the present case Mr. Stearns on March 5, 2001, filed his own appeal to the Supreme Court of Ohio, which denied that appeal on April 19, 2001. This court has consistently held that such appeals bar claims of ineffective assistance of appellate counsel based on the principles ofres judicata. State v. Kaszas (Sept. 21, 1998), Cuyahoga App. Nos. 72546 and 72547, unreported, reopening disallowed (Aug. 14, 2000), Motion No. 16752; State v. Bussey (Dec. 2, 1999), Cuyahoga App. No. 75301, unreported, reopening disallowed (Aug. 8, 2000), Motion No. 16647 andState v. Bluford (Dec. 9, 1999), Cuyahoga App. No. 75228, unreported, reopening disallowed (May 31, 2000), Motion No. 15241. Furthermore, this court has reviewed the record, including the persuasive incriminating evidence against Mr. Stearns and his own concessions at sentencing and concludes that the application of the doctrine in this case would not be unjust. The court specifically rules that it would not be unjust to applyres judicata to Mr. Stearns' argument that the trial court erred in imposing consecutive sentences contrary to R.C. 2929.14, even if the trial court did not make the requisite findings.
Mr. Stearns' other arguments also fail to raise a genuine issue on whether he received ineffective assistance of appellate counsel. In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v.Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052; Statev. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258. To establish prejudice the petitioner must show that but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.
Mr. Stearns asserts that because the trial court ordered that he be kept separate from his co-defendants, he should have been given a separate trial; his appellate counsel was ineffective for failing to argue this point. However, Mr. Stearns has failed to show prejudice. A review of the evidence indicates that a separate trial would not have made a difference in the outcome. Thus, this claim fails.
Mr. Stearns also argues that the trial court erred in classifying him a sexual predator without complying with the requisite notice requirements. However, the prosecution withdrew the sexually violent predator specification, and the trial court ruled that the evidence was not clear and convincing that Mr. Stearns was a sexual predator. Thus, the trial court classified him as a sexually oriented offender, as was required. Thus, again Mr. Stearns has not demonstrated prejudice, and this claim also fails.
Finally, Mr. Stearns argues that the trial court erred in returning him to prison for a probation violation in Case No. Cr. 356431. However, Mr. Stearns' appellate counsel for the instant case was not ineffective for failing to raise that argument, because any argument relating to the probation violation had to be raised in a separate appeal, an appeal of Case No. Cr. 356431.
Accordingly, this court denies the application to reopen.
ANNE L. KILBANE, J., AND JAMES J. SWEENEY, J., CONCUR.