JOURNAL ENTRY AND OPINION
{¶ 1} Kristian Dimitrov has filed an application for reopening pursuant to App.R. 26(B). Dimitrov is attempting to reopen the appellate judgment that was rendered by this Court in State v. Dimitrov, Cuyahoga App. No. 76986, 2001-Ohio-4133. On appeal, we affirmed Dimitrov's conviction for one count of burglary (R.C. 2911.12) and one count of possessing criminal tools (R.C. 2923.24). We decline to reopen Dimitrov's original appeal.
 {¶ 2} In the case sub judice, we find that the doctrine of res judicata prevents this court from reopening Dimitrov's appeal. Res judicata will be applied to bar the further litigation of issues that were either raised or could have been raised through a prior appeal. See, generally, State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. Claims of ineffective assistance of appellate counsel may be barred from further review by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992),63 Ohio St.3d 60, 584 N.E.2d 1204.
 {¶ 3} Herein, Dimitrov possessed a prior opportunity to argue the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. Dimitrov, in fact, did file an appeal with the Supreme Court of Ohio on April 12, 2001, through counsel different than originally assigned for appeal to this court. Since the Supreme Court of Ohio dismissed Dimitrov's appeal on June 27, 2001, the doctrine of res judicata now bars any further review of the claim of ineffective assistance of appellate counsel.
 {¶ 4} We further find that the circumstances of this case do not render the application of the doctrine of res judicata unjust.State v. Terrell, 72 Ohio St.3d 247, 1995-Ohio-54,648 N.E.2d 1353;State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, reopening disallowed (June 14, 1996), Motion No. 71793.
 {¶ 5} Accordingly, Dimitrov's application for reopening is denied.
MICHAEL J. CORRIGAN, J., AND ANNE L. KILBANE, J., CONCUR.