JOURNAL ENTRY and OPINION
{¶ 1} On February 18, 2003, John Thompson applied, pursuant to App.R. 26(B) and State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204, to reopen this court's judgment in State v. Thompson, Cuyahoga App. No. 79334, 2002-Ohio-5957, which affirmed his convictions for three counts of rape. He alleges that his appellate counsel was ineffective for improperly arguing the assignment of error on hearsay. On March 21, 2003, the State of Ohio filed its brief in opposition. For the following reasons, this court denies the application to reopen.
 {¶ 2} Res judicata properly bars this application. See, generally, State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. Res judicata prevents repeated attacks on a final judgment and applies to all issues which were or might have been litigated. In Murnahan the Supreme Court of Ohio ruled that res judicata may bar a claim of ineffective assistance of appellate counsel unless circumstances render the application of the doctrine unjust.
In the present case Thompson's appellate counsel argued as one of nine assignments of error that the admission of a large amount of inadmissible hearsay violated Thompson's federal and state constitutional rights to confrontation of witnesses. Although the appellate counsel, in a fourteen-page Statement of Facts, summarized the testimony of the state's witnesses and generally indicated the location of hearsay testimony and evidence[1], he did not identify in the Law and Argument section the specific statements of inadmissible hearsay. Rather, he argued that "the record is replete with examples of State witnesses testifying to hearsay." (Appellant's Brief pg. 31.) This court overruled the assignment of error declaring, "Without any identification of the specific statements involved, however, it is impossible for us to evaluate whether the statements were hearsay, and if so, whether they may have been admissible under one of the exceptions to the hearsay rule." Thompson,2002-Ohio-5957 at ¶ 35.
The appellate counsel then filed an App.R. 26(A) motion for reconsideration in which he protested that he had sufficiently identified the inadmissible hearsay to allow this court to address the issue on its merits. He argued that the testimony summaries in the Statement of Facts, often with transcript page references, indicated the hearsay and that in the Law and Argument section he explicitly named two witnesses who had given hearsay testimony. Although he admitted that he had not re-cited the transcript pages, he asserted that the identification by witness name combined with the summaries in the Statement of Facts should have provided the court with the specificity necessary to decide the issue. Similarly, he argued that the references to the exhibits throughout the brief should have also provided sufficient specificity to determine the issue on the merits. This court summarily denied the App.R. 26(A) motion for reconsideration.
 {¶ 3} Thompson's current App.R. 26(B) application offers no more than the earlier motion for reconsideration. It simply argues that appellate counsel must have been ineffective because the failure to specify the hearsay caused the court to disregard that assignment of error. The application does not indicate a specific instance of hearsay and establish that it was inadmissible and prejudicial to Thompson. The court finds that this argument is essentially the same argument that appellate counsel made in the motion for reconsideration. As such it was barred by res judicata.
 {¶ 4} The court further notes that Thompson appealed this court's decision to the Supreme Court of Ohio on January 3, 2003, and that the supreme court dismissed the appeal as not involving a substantial constitutional question in May 2003. Because Thompson did or could have raised the hearsay issue in the supreme court, this court again concludes that res judicata properly bars the application. State v. Kaszas (Sept. 21, 1998), Cuyahoga App. Nos. 72546 and 72547, reopening disallowed (Aug. 14, 2000), Motion No. 16752; State v. Bussey (Dec. 2, 1999), Cuyahoga App. No. 75301, reopening disallowed (Aug. 8, 2000), Motion No. 16647 and State v. Bluford (Dec. 9, 1999), Cuyahoga App. No. 75228, reopening disallowed (May 31, 2000), Motion No. 15241.
Alternatively, in order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 668,80 L.Ed.2d 674, 104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258. To establish prejudice the applicant must show that but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.
 {¶ 5} Thompson has failed to establish prejudice. Although he cleverly argues that this court's ruling that the appellate counsel's failure to specify the hearsay precluded review, ipso facto establishes a claim of ineffective assistance of appellate counsel, it, at best, only establishes that counsel was deficient. It does not establish a reasonable probability that this court would have reversed and remanded had it reviewed the hearsay issue. To do that, it is necessary to specify the inadmissible hearsay and to show its prejudice to Thompson.[2] The application to reopen fails to do this. Without that argument, this court is left with only speculation which does not establish prejudice.
 {¶ 6} In conclusion, this court has previously considered a plea to address the hearsay issue on its merits through the App.R. 26(A) motion for reconsideration, and Thompson had another opportunity through his appeal to the Supreme Court of Ohio to obtain a review of the hearsay issue. After considering the case, this court concludes that the application of res judicata would not be unjust. Accordingly, the court denies the application to reopen.
FRANK D. CELEBREZZE, JR., J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] The appellate counsel noted that the exhibits, hospital reports and memoranda from social workers, also contained hearsay.
[2] Cf. State v. Krzywkowski, Cuyahoga App. No. 80392, 2002-Ohio-4438, another child rape case. This court held that the hearsay testimony of the social worker was admissible under Evid.R. 803(4), statements made for purposes of medical diagnosis. In the present case, the attachment of the social worker's memorandum to the hospital reports indicates that it too may have been used to aid medical diagnosis. Also in Krzywkowski this court ruled that hearsay recitation of a social worker who did not participate in the diagnosis and treatment of the children, although inadmissible, was harmless error. Her testimony was cumulative, repeating the children's testimony. This court ruled: "We cannot say that the admission of these hearsay statements is inconsistent with substantial justice, nor has it affected the substantial rights of the defendant. Therefore we do not find reversible error * * *." Krzywkowski,2002-Ohio-4438, at ¶ 124. This court notes that in the present case the child victim also testified with considerable specificity about the rapes.